JAMES C. KATHMAN *v.* THE CITY OF NEW ORLEANS.

-On motion to dismiss appeal.

The 41st section of the Charter of the city, which dispenses the city from furnishing bond and security in all judicial proceedings, "where, by existing laws, bond and security are required of litigants," is not unconstitutional, as being without the terms of the title of "the Act to consolidate the city of New Orleans, and provide for the government and administration of its affairs."

The 41st section does not revive or amend any law by reference to its title. It refers to laws in general terms without any indication of the title of such laws.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.

*Collins*, for plaintiff. *Livingston*, City Attorney, for defendant and appellant.

BUCHANAN, J. (MERRICK, C. J., absent.) A motion is made to dismiss this appeal, on the ground that the city of New Orleans, appellant, has not given an appeal bond. It is urged that the 41st section of the Charter, which dispenses the city from furnishing bond or security in all judicial proceedings, "where, by existing laws, bond and security are required of litigants," is contrary to the 115th and 116th Articles of the Constitution of 1852, and to the 118th and 119th of that of 1845, in force when the Charter (Consolidation Act) was adopted.

That Act is entitled "Act to consolidate the city of New Orleans, and provide for the government and administration of its affairs."

It appears to us that the provisions of the 41st section fall within the terms of the title. The prosecution and defence of lawsuits in which the city may be involved form (as the docket of this court abundantly proves) a very important part of the administration of its affairs: and the privilege accorded it, of exemption from obligations imposed upon other suitors in the State courts, however objectionable on the score of policy, at least must be admitted to have required special mention, as constituting a remarkable feature of that portion of the municipal administration.

Neither do we think the Articles 116 and 119 apply to this case. The section in question does not profess to revive or amend any law by reference to its title. It refers to laws *as existing*, in general terms, without any indication of the titles of such laws. Nay, the use of the word "existing," in this connection, implies a recognition that the laws alluded to are in full force—at least so far as the whole community (with the exception of this municipal corporation) is concerned. Again we may observe, that the justice or propriety of such exceptional legislation is not very obvious. But it is not a solitary instance of the kind on our statute-book; and we should be especially careful about extending constitutional prohibitions by implication.

The motion to dismiss is therefore discharged.