State vs. Dalon.

No. 8973.

THE STATE OF LOUISIANA VS. EMILE DALON.

Act No. 98 of 1880, the object of which is to organize and put in motion the Criminal District Court for the Parish of Orleans, created by Article 130 of the Constitution, is not a *local* or *special law* and does not fall under the ban of the Constitutional prohibition embodied in Article 48.

It has but one object and that object is expressed in its title. 33 An. 783, affirmed.

If part of Section 4 be unconstitutional, the remaining is not assailable and constitutes the Section.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*J. C. Egan*, Attorney General for the State, Appellee.

*L. Marrero* and *J. M. Pratt*, for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was convicted of arson. He appeals from the verdict and judgment thereon sentencing him to fifteen years at hard labor.

His challenge to the array, which was overruled by the court, assails the constitutionality of Act No. 98 of 1880, on these grounds :

. 1.   That it is a local or special law which was not notified and published, as required by Article 48 of the Constitution in force; and

2.   That the Act embraces more than one object, in violation of Article 29 of the Constitution.

. 3.   That Section four of the Act is unconstitutional, and being so, the other Sections of the Act become inoperative and are of no effect.

## I.

The Act was designed to organize the Criminal District Court for the Parish of Orleans, as established by Article 130 of the Constitution, by providing for and regulating the machinery indispensably necessary to put that Court in motion, and thus preserve public order and general welfare and tranquility.   It has no private or local good in view, but aims solely at the enforcement of the laws enacted for the prevention and punishment of crime.   It is a public, a general act, which regulates the common good of each and every member of the human family within the limits of the State.

The words " local " or " special " are clearly used in contradistinction of the word " general."   There being no power to enact local or special laws, on subjects not enumerated in Article 46, *unless* after notice and publication, it is clear that the only laws which the legislature can pass must be general in character.

" General laws are said to be those which relate or bind all within the jurisdiction of the law making power, limited as that power may be in its territorial operation or by constitutional restraint."   Sedgwick on Const. Stat, Law, p. 30.

" The number of persons upon whom the law shall have any direct effect, may be very few, by reason of the subject to which it relates, but it must operate equally and uniformly upon all brought within the relations and circumstances for which it provides."   People vs. Cooper, 83 Ill. p. 589.

" Those are to be regarded as public acts which regulate the general interest of the State or of any of its divisions."   New Portland vs. New Vineyard, 4 Shep. 69.

"A public act is a universal rule that regards the whole community." Stephens Comment. Vol. 1, p. 67 ; Kent, Vol. 1, p. 506 ; Dwarris on Stat. p. 629.

. "An Act is *general* within the meaning of the Constitution, which, in its subjects, relates to all the people of the State, or their property, though its operation be not equally applicable to all the parts of the

State. *Local* acts are such as are confined to the persons and property, both of a specific locality." Kerrigan vs. Force, 16 N. Y. 185.

" The word *local*, as applied to a bill, to an act, to a law, means such bill, act, or law, as touches but a portion of the territory of the State, a part of its people, a portion of its citizens.

"An Act is local within the meaning of the Constitution, which in its subjects, relates to but a portion of the people of the State, or to their property and may not, either in its subject, operation, or immediate and necessary results, affect the people of the State, or their property in general." People vs. Supervisors, 43 N. Y. 7, 16; see also, 10 Wis. R. p. 178; 4 Blatchf. 236; 9 Wis. 279; 70 Ill. 398.

The Constitution now in force contains two Articles on the subject of *local or special* laws: Article 46, which prohibits peremptorily such legislation on the subjects specified, and Article 48, which forbids the same on subjects not enumerated in Article 46, *unless*, after publication of an intention to apply for the passage thereof; the last Article being, therefore, permissive of such legislation, where the intention was published and that fact is shown, in the manner directed.

A moment's reflection satisfies the mind that the intention to apply alluded to, can only mean that of private individuals seeking some private advantage or advancement for the benefit of private persons or property within a certain locality.

It is manifest that the Act assailed was one of indispensable necessity to put in motion a court created by the Constitution, and which, without such legislation, would have remained lifeless and cumbersome.

If the attack on the Act has any force, the conclusion would be unavoidable that, as long as no one would conceive the idea of memorializing the legislature for the adoption of such an Act and publish such intention *at his cost*, the Criminal District Court, created by the Constitution and designed to prove of such great public service, would continue in perpetual inactivity, impotent to afford the effective protection which society expects from the exercise of its solemn powers. The mere announcement of the proposition carries its refutation.

A review of the authorities leads to the irresistible conclusion that the Act in question, which is in character one eminently public and conservative of individual security and general welfare, and which was essential for the discipline of a judicial organization created by the Constitution and for the administration of criminal justice in the most important subdivision of the State, does not fall under the ban of constitutional proscription, and is, therefore, constitutional and valid, and must be enforced.

The argument, that a law which relates solely to the machinery of a

court of justice having jurisdiction over the territory of one parish only, is a *local* or *special* law, because it does not operate throughout the State and all the parishes thereof, is perfectly preposterous, and so hollow that it cannot stand criticism.

The real distinction between public or general laws and local or special laws is, that the former affect the community as a whole, whether throughout the State or one of its subdivisions; and the latter affect private persons, private property, private or local private interests.

## II AND III.

The second objection which goes to the constitutionality of the very Act in question, has already received judicial consideration and determination, as not being unconstitutional, on the score that it violates Article 29 of the Constitution, which prescribes, that every law shall embrace but one object, and *that* shall be expressed in its title. State vs. Crowley, 33 An. 783.

The ruling in that case is correct, and is affirmed as such.

It is not exact to say that we there decided that Section four of the Act is unconstitutional, for we did not do so. We merely hypothetically said, that if it were, this would not render the entire Act unconstitutional, inasmuch as every other part or section of the Act remains covered by the title.    ●

Indeed, that portion only of the section which refers to the drawing of juries for the Civil District Court for the Parish of Orleans would be the part affected, and would be considered as never having been enacted or incorporated in the law. The remaining portion of the Section concerning the jury wheel or box, which is to be emptied or refilled by order of either of the Judges of the Criminal District Court, would continue in force and operate as Section *four*.

We therefore conclude, that Act 98 of 1880 is not unconstitutional, as charged, and that the District Court did not err in overruling the challenge to the array.

Judgment affirmed.