(107 So. 466)

No. 25724.

## GOUAUX v. SMITH et al.

(Jan. 4, 1926. Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⟞781(5)—Appeal from judgment enjoining exercise of duties of office will be entertained, notwithstanding expiration of term, in view of interest of appellant in damages for loss of office, provided injunction wrongfully issued.**

Appeal from judgment enjoining exercise of duties of office will be entertained, notwithstanding expiration of term to which defendant *claimed* to be entitled, in view of interest of appellant in damages for loss of office provided injunction wrongfully issued, and where jurisdiction was assured to Supreme Court because of constitutional questions, though amount of damages was not sufficient to confer jurisdiction.

2. **Health ⟞3 — Neither restriction in call for constitutional convention, forbidding convention to reduce term of office, nor schedule of Constitution, held to deprive Legislature of power to reduce terms of parish health officer or boards of health (Act No. 180 of 1920; Const. 1921, art. 22; Act No. 192 of 1898, as amended by Act No. 150 of 1902; Act No. 79 of 1921 [Ex. Sess.]; Const. 1921, art. 6, § 11).**

Neither restriction in Act No. 180 of 1920, calling constitutional convention, which forbade convention to reduce term of public officer, nor schedule of Constitution (Const. 1921, art. 22), *held* to deprive Legislature of authority to abolish or reduce terms of Parish health officers, existing pursuant to Act No. 192 of 1898, as amended by Act No. 150 of 1902, and therefore Act No. 79 of 1921 (Ex. Sess.), doing away with boards of health theretofore created, and creating new boards as their successors was not unconstitutional, especially in view of Const. 1921, art. 6, § 11.

Appeal from Twentieth Judicial District Court, Parish of Lafourche; H. M. Wallis, Jr., Judge.

Suit by Dr. Frank T. Gouaux against Dr. H. S. Smith and others. Judgment for plaintiff, and defendants appeal. Judgment annulled, and suit dismissed.

Percy Saint, Atty. Gen., and J. A. O. Coignet, Dist. Atty.. of Thibodaux (Pugh & Lagarde, of Thibodaux, of counsel), for appellants.

Howell, Wortham & Bourg, of Lockport, for appellee.

O'NIELL, C. J. The question in this case is whether the Legislature was forbidden, either by the statute calling the constitutional convention of 1921, or by the schedule of the Constitution itself, to enact a law that would shorten the terms of office of the parish health officers.

The statute by which the Legislature called the convention was the Act 180 of 1920. It contained (in the fourth paragraph of the first section) several restrictions or limitations upon the authority of the convention. Among those restrictions was a proviso forbidding the convention to enact or adopt any article or provision reducing or shortening the terms of office of the public officials throughout the state, whether elected or appointed, and whether state, district, parish, or municipal officers.

The so-called Schedule of the Constitution, being article 22, contained this declaration, viz.:

"That no inconvenience may arise from the adoption of this Constitution, and in order to carry this Constitution into complete operation, it is hereby declared:

\* \* \* \* \* \*

"Sixth. All officers, executive, legislative and judicial, state, parish or municipal, who may be in office at the adoption of this Constitution, or who may be elected or appointed before the election or appointment of their successors as herein provided, shall hold their respective offices until their terms shall have expired, and until their successors are duly qualified, as provided in this Constitution, unless sooner removed, as may be provided by law; and shall receive the compensation now fixed by the Constitution and laws in force at the adoption of this Constitution, except as herein otherwise provided."

On the 9th of June, 1920, the police jury of the parish of Lafourche, pursuant to the provisions of section 4 of the Act 192 of 1898, as amended by the Act 150 of 1902, appointed a parish board of health, composed of three members, one of whom was Dr. Frank T. Gouaux, plaintiff in this suit, who was made chairman of the board and ex officio health officer of the parish. The term of office of the three members of the board was four years from the date on which they qualified, according to section 4 of the statute. The salary of the health officer was fixed at $750 per annum. Dr. Gouaux and the two other members of the board qualified and went into office on the 9th of June, 1920.

The Act 192 of 1898 (sections 1, 3, 4 and 5 of which were amended by the Act 150 of 1902) was entitled "An act to carry into effect article 296 of the Constitution" of 1898. The article contained only this declaration with regard to parish boards of health, viz.:

"The General Assembly shall create for the state, and for each parish and municipality therein, boards of health, and shall define their duties, and prescribe the powers thereof."

That provision in the Constitution of 1898 was copied literally into the corresponding article of the Constitution of 1913, and in turn was copied into section 11 of article 6 of the Constitution of 1921. Accordingly, the Legislature, at the extra session of 1921, enacted the Act 79 of 1921, entitled "an act to carry into effect section 11 of article 6 of the Constitution of Louisiana, in relation to boards of health," etc.

The Act 79 of 1921 in terms did away with the boards of health theretofore created, and created new boards as their successors. The Eighteenth section, being the concluding section of the act, declares:

"The presently existing state board and local boards of health shall turn over to the new boards all the assets, property, records or other things and matters now in their charge and keeping, and thereafter the new boards shall be considered as successors in office to the old boards, and all rights, actions, claims or things of value vested in or possessed by the old boards shall become vested in the new boards, with full right and power to hold, prosecute and defend the same as though no change had been made in said boards."

The parish boards of health are provided for in the eleventh section of the Act 79 of 1921. They were provided for in the fourth section of the Act 192 of 1898, as amended by Act 150 of 1902. Several important changes were made with regard to the parish boards of health. The eleventh section of the act of 1921 directs that the police jury of each parish shall, immediately after the promulgation of the act, and not later than the third regular meeting in the new police jury term, elect and appoint a parish board of health, to consist of five members. The police jury is required to appoint, if practicable, as members of the parish board of health, three licensed and registered physicians, one of whom to be elected by the board as chairman. One member has to be a person engaged in educational work in connection with the public school system of the parish; and the fifth member is to be selected without regard to his or her profession or vocation. The term of office of the members of the board is fixed at four years from the date of their qualifying. The board itself is required to appoint the parish health officer, and is required to fix his salary, with the advice and consent of the police jury. Under section 4 of the Act 192 of 1898, as amended by the Act 150 of 1902, the parish board of health consisted of only three members, one of whom had to be a licensed and registered physician, who was chairman of the board and parish health officer. The two other members of the board had to be selected from among the members of the police jury. The salary of the health officer was to be fixed by the police jury.

On the 8th of March, 1922, the police jury met in regular session, and, pursuant to the provisions of section 11 of the Act 79 of

1921, appointed a new parish board of health, composed of Dr. H. S. Smith, Dr. A. J. Meyer, Dr. Frank T. Gouaux, and Messrs. W. H. Miller and George E. Payne. The members of the board, all excepting Dr. Gouaux, met and qualified on the 14th of March, 1922, and elected Dr. Smith as parish health officer. Thereafter Dr. Oscar Dowling, state health officer, claiming that the police jury had not acted within the time prescribed by section 11 of the Act 79 of 1921, and claiming that he therefore had authority to appoint the Parish Board of Health, appointed the same five members whom the police jury had already appointed. All of the newly appointed members of the board, excepting Dr. Gouaux, qualified also under the appointment by the state health officer.

On the 27th of March, 1922, Dr. Gouaux brought this suit against the police jury and the newly appointed parish board of health, and against the four members who had qualified under the new appointments, and particularly against Dr. H. S. Smith, newly appointed health officer of the parish, contesting the claims of the appointees as members of the parish board of health, and the claim of Dr. Smith as health officer. Plaintiff obtained a writ of injunction forbidding Dr. Smith to exercise the duties of parish health officer, and prohibiting the defendants from interfering with the plaintiff in the exercise of such duties, under his appointment of the 9th of June, 1920. Plaintiff's contention was that the Act 79 of 1921, so far as it attempted to shorten the term of office of the members of the parish board of health, appointed on the 9th of June, 1920, and particularly so far as it attempted to shorten plaintiff's term of office, as parish health officer, was violative of the prohibition imposed in the fourth paragraph of the first section of the Act 180 of 1920, calling the constitutional convention, and was violative of the proviso which we have quoted from article 22, being the schedule of the Constitution.

The defendants, answering the suit, admitted the allegations of fact, but denied that the appointment of the new parish board of health, or of the parish health officer, was for any cause invalid.

The case was tried on a statement of facts. All parties waived any objection that they might have had to the form of the proceeding for the adjudication of the title to the office of parish health officer.

There was judgment for the plaintiff, perpetuating the injunction, and declaring the plaintiff entitled to hold the office of parish health officer and to perform the duties and receive the emoluments thereof for the term ending on the 9th of June, 1924. The court adjudged the Act 79 of 1921 unconstitutional, for the causes stated in the plaintiff's petition, so far as the statute purported to allow the police jury or the state health officer to shorten the term of office of the parish board of health, or of the parish health officer, appointed on the 9th of June, 1920. The defendants have appealed from the decision.

[1] The plaintiff has moved to dismiss the appeal because the term of office of the defendants parish board of health and parish health officer expired on the 9th of June, 1924, while the appeal was pending. Appellees cite and rely upon the ruling in State ex rel. Romain v. Board of Supervisors of Election, 21 So. 731, 49 La. Ann. 578, and in Hollander v. Bailey, Secretary of State, 87 So. 234, 148 La. 453. The rulings cited are not appropriate to this case. In Romain's Case he sought by mandamus to compel the board of supervisors of elections to allow him representation at the polls, in an election that was about to be held, in which he was a candidate for Congressman. The election was held before the case could be decided finally. There was therefore nothing for this court to do but to dismiss the appeal. In Hollander's Case he sought by mandamus to compel the secretary of state to have his (Hollander's) name printed on the official ballot for an elec-

tion that was about to be held, in which he was a candidate for judge of the recorder's court. The election was held on the fourth day after the transcript of appeal was filed in this court, one of the three intervening days being a Saturday, half holiday, the next being Sunday and the third a holiday. It was, of course, impossible for the case to be decided before the election was held. There was therefore nothing for the court to do but to dismiss the appeal. There was no relief that the court could give to the appellant in either of the cases cited; and the appellant therefore, in either case, had no interest in further prosecuting the appeal, at the time it was dismissed.

Of the appellants in this case, Dr. Smith surely has an interest in prosecuting the appeal. The writ of injunction deprived him of the salary of health officer from the 27th of March, 1922, the date of filing of the suit, until the 9th of June, 1924, the date of the expiration of the term of office for which Dr. Gouaux was appointed. He gave an injunction bond for $2,000, with the obligation to pay whatever damages the defendants might suffer, if it should be decided that the plaintiff was not entitled to the writ. It is true that the appellants' interest in the suit perhaps does not exceed or amount to $2,000, which fact would ordinarily bring the case within the jurisdiction of the Court of Appeal, not of this court. But the appellate jurisdiction in this case is governed by the fact that a statute has been declared unconstitutional, so far as it affects the rights of the parties hereto. The appellate jurisdiction of this court extends to all cases in which a statute has been declared unconstitutional, regardless of the amount in contest. It is true that, if the appellants had asked to have this case advanced to the summary docket, the case would have been decided before the end of the term of office for which Dr. Gouaux was appointed health officer. But even then the appellants' interest in the

appeal would have been, in some measure, only the right to sue on the injunction bond. There would be no justice in dismissing this appeal without reserving to the appellants whatever recourse they may have on the injunction bond. If we should dismiss the appeal without reference to whatever right the appellants may have to sue on the injunction bond, and if they or one of them should sue on the bond, the present appellee and his surety on the bond might invoke the judgment that has been rendered in this case by the district court, as a final judgment of a competent court, deciding, as the law of the case, if not res judicata, that the Act 79 of 1921 was unconstitutional in its relation to the rights of the parties to this suit, and that Dr. Gouaux therefore had the right to keep these appellants out of office, as he did, from the 27th of March, 1922, to the 9th of June, 1924. On the other hand, there seems to be no reason why we should leave open for decision, in a suit which the appellants may hereafter bring on the injunction bond, the question that is before us for decision now; i. e., whether the appellee in this case was entitled to the writ of injunction. Our conclusion is that the appellants have a sufficient interest in this appeal to justify their insisting, as they do insist, that we decide the case on its merits. They have the same interest that an appellant who takes only a devolutive appeal from a judgment rendered against him has when the judgment appealed from has been executed. The motion to dismiss the appeal is overruled.

[2] It is argued by the learned counsel for appellee—and the argument is supported by the written opinion of the district judge—that, as the constitutional convention of 1921 was forbidden by the restriction in the call for the convention to reduce the term of office of any public officer, the convention could not authorize or allow the Legislature to reduce the terms of office of the parish health officers, or the parish boards of

health, in carrying out the mandate (in section 11 of article 6) to create a board of health for the state and for each parish and municipality in the state.

As this mandate, in article 296 of the Constitution of 1898, and of 1913, and in section 11 of article 6 of the Constitution of 1921, directing the Legislature to create parish and municipal boards of health, did not fix the term of office, the Legislature had authority to fix it. And the Legislature had authority—and has the authority yet, if it was not surrendered by the restriction in the call for the constitutional convention of 1921 —to abolish, during the term of an incumbent, any office that the Legislature had authority to create and to fix the term of.

"The power to fix the term of an office is, unless otherwise provided, possessed by the body which under the law may create the office, ordinarily the Legislature. But, if the Constitution fixes the term of office, such term may not be changed by the Legislature." 29 Cyc. 1396.

"The Legislature may change the term of an office even during the term of the incumbent, except where the Constitution fixes the duration of the term." 29 Cyc. 1397.

"The power of the Legislature to control public officers was established at an early day, and, except when restrained by the Constitution, the Legislature of a state may abolish any office, even during the term for which an existing incumbent may have been elected," 22 R. C. L. p. 579, § 293.

See, also, 23 Ency. of L. (2d Ed.) p. 420, and Throop on Public Officers, 351.

"We do not assert the proposition that a person elected to an office for a definite term has any such contract with the government or with the appointing body as to prevent the Legislature or other proper authority from abolishing the office or diminishing its duration or removing him from office." State of Louisiana ex rel. Fisk v. Police Jury of Jefferson Parish, 6 S. Ct. 329, 116 U. S. 131, 29 L. Ed. 587.

Our opinion is that this restriction that was imposed upon the constitutional convention, in the statute calling the convention, was imposed upon the convention only, not upon the Legislature itself. Without some such limitation in the call for the convention, the latter would have had the power to abolish immediately any office in the state. The Legislature was not willing to intrust that power to the convention; but there was no reason for the Legislature to deprive itself of the power, in its future sessions, to reduce the terms of those offices which the Legislature had authority to create. The senators and representatives composing the Legislature that called the constitutional convention of 1921 had just been elected for a term of four years, and knew that they would have to enact the laws that would be necessary to give the new Constitution its full effect. The Legislature that enacted the Act 79 of 1922 was composed of the same senators and representatives, generally, who had called the constitutional convention of 1921. To say that, by the restriction in the call for the convention, the Legislature surrendered its authority to abolish or reduce the terms of the offices which the Legislature had the power to create, would give to the restriction a meaning which it did not express, and an effect which it was not intended to have.

The district judge found also that the schedule of the new Constitution, in the sixth paragraph, forbade the Legislature to reduce or shorten the term of any public official then in office. That is not our understanding of the language, viz.:

"Sixth. All officers, * * * who may be in office at the adoption of this Constitution, or who may be elected or appointed before the election or appointment of their successors as herein provided, shall hold their respective offices until their terms shall have expired, and until their successors are duly qualified, as provided in this Constitution, *unless sooner removed, as may be provided by law*," etc. (The italics are ours.)

If the convention had intended to say, "unless impeached or removed for malfeasance or nonfeasance," it would have been an easy matter to say it. By the expression used,

"unless sooner removed, as may be provided by law," the convention sedulously avoided any interference with the authority which the Legislature had to remove any public officer by abolishing his office, provided it was an office which the Legislature had authority to create. There is no reason why that authority should have been withheld from the Legislature by the adoption of a new Constitution. On the contrary, the Legislature was, by the terms of section 11 of article 6 of the new Constitution, authorized to create new boards of health, without regard for the terms of office of the members of the boards theretofore created by the Legislature. The Legislature had that authority under article 296 of the Constitution of 1898, and under the corresponding article of the Constitution of 1913, and no reason is suggested for giving the language in the schedule of the new Constitution the narrow construction or meaning that would lessen the authority of the Legislature in that respect.

The sixth paragraph of the schedule of the Constitution of 1921 is a copy of what was the fifth paragraph of the schedule (which was article 325) of the Constitution of 1898 and of the Constitution of 1913. The calling of the convention of 1898 was provided for by Act 52 of 1896, p. 85, which contained a restriction or limitation, in section 1, par. 3d, similar to the restriction that was imposed upon the convention of 1921, in the fourth paragraph of section 1 of Act 180 of 1920. Therefore, in our undertaking to ascertain what the members of the convention of 1921 meant by the phrase, "unless sooner removed, as may be provided by law," we are really looking for what intention the members of the convention of 1898 had when they used the phrase, in the schedule of the Constitution of 1898. There is no reason to believe that they intended to deprive the Legislature of the authority to abolish or reduce the term of any office that the Legislature had authority to create.

Our conclusion is that the judgment appealed from should be reversed.

The judgment is annulled, and the plaintiff's suit is dismissed at his cost.