ST. PAUL, J.
 

 The opinion of the trial judge correctly states and disposes of the issues herein involved, and we adopt it as our own, as follows:
 

 Opinion of Trial Judge.
 

 This is a suit attacking the constitutionality of Act 239 of 1926, known as the “illumination district, or white way statute,” and, indirectly, certain ordinances of the commission council of the city of Baton Rouge enacted thereunder.
 

 The grounds of attack are numerous, but only three are pressed or argued in extenso in plaintiff’s brief. The other grounds, apparently without merit, will be dismissed from further consideration.
 

 In examining the statute in question, the attention of the court has been attracted to the provisions of sections 9 and 3 thereof, which are intended by the Legislature as a statute of repose, and evidently enacted in the exercise of a wise public policy. For purpose of analogy, see Roberts et al. v. Evangeline Parish School Board, 155 La. 331, 99 So. 280. However, under the view taken by the court on the question here involved, it becomes unnecessary to pass upon the applicability of the prescription established by said sections.
 

 The grounds of attack on the statute, worthy of consideration, are contained in paragraphs 11, 12, 13, and 14 of the petition, and, substantially, are:
 

 1. That section 5 of the act attempts to authorize the governing authorities to advertise for bids for installing and constructing the contemplated work “in the same manner now provided by law for the letting of public contracts,” and to accept any bid and enter into a contract for such installation “in the manner now provided by law,” etc., and therefore in contravention to sections 17 and 18 of article 3 of the Constitution of 1921.
 

 Section 17 of article 3 prohibits the reviving or amending of a law by reference to its title, and section 5 of the statute does not attempt to revive or amend any particular law, but merely refers to laws existing and in full force, as was said in Kathman v. New Orleans, 11 La. Ann. 145, and is therefore not violative of this section of the Constitution.
 

 Section 18 of article 3 of the Constitution prohibits the Legislature from adopting any system or code of laws by general reference. Section 5 of the statute, by providing for bids and contracts to be let and entered into “in the * * * manner now provided by law,” in no way adopts a system or code of law, but, as said above, refers to and adopts the procedure contained in statutes on the same subject-matter and originating from the same source; i. e., the Legislature of the state. In this connection, see State v. De Hart, 109 La. 570, at page 575, 33 So. 605. The expressions used .in the section of the statute complained of are those frequently and customarily used in similar statutes of the state, and in the application of section 5 of this general statute to the city of Baton Rouge, it is apparent that those provisions of its charter (Act 169 of 1898, as amended), on the subject of bids and contracts, would necessarily be followed without question.
 

 2. That the construction of the proposed illumination system does not constitute in any way any one of the improvements contemplated and set out in section 13 of article 10 of the Constitution. While it would seem that this, particular section of the Constitution is sufficient authority for the Legislature to enact the-statute complained of, nevertheless, if this or other constitutional provisions do not forbid the Legislature from enacting such a law (and they seemingly do not), it is well settled that, that body has such authority and can enact any law not prohibited by the Constitution. State v. Volkman, 20 La. Ann. page 585."
 

 In discussing a similar statute, the Supreme Court in Fristoe v. City of Crowley, 142 La. 393, at page 397, 76 So. 812, 813 (L. R. A. 19180, 254), said:
 

 “There is no force in the contention that it required express constitutional authority for the-Legislature to enact a law empowering municipal corporations to require property owners to connect their premises with the public sewerage system at the expense of each property
 
 *977
 
 owner. It suffices that the Constitution does not prohibit such legislation.”
 

 3. That the title of the statute is not indicative of the body of the act, and that the statute does not conform to its title, being broader than the latter, and that the act is therefore violative of section 16 of article 3 of the Constitution.
 

 Plaintiff’s contention in this regard is based on the fact that the title of the act sets out, after providing for a lien against the property to secure the payment of the assessment, for “the issuance by the governing authorities of certificates of indebtedness, which shall be
 
 negotiable securities,
 
 for the payment of the deferred payments of the costs of said local improvements,” while the body of the act (i. e., section 8) does not provide for the issuance of certificates of indebtedness, by the governing authorities, but as representing the deferred payments the respective property owners shall execute four promissory notes, payable annually, with interest and attorneys’ fees, to the order of the municipality, which notes when paraphed by the city clerk or secretary to identify them with the ordinance levying the assessment shall carry with them in the possession of any owner the lien and privilege provided in the act.
 

 It is proper to observe, in considering this contention of plaintiff, that the concluding sentence of section 8 provides that the assessment and the notes executed by the property owners pursuant to the provisions- of the act, may be transferred by the city or town
 
 without recourse,
 
 to the contractor, at their face value, and such contractor, or any transfeee thereof shall enjoy the hen and privilege and all other rights provided in the act accruing to the municipality ordering said work.
 

 Pretermitting the fact that under section 7 of the statute the municipality or its transferee could proceed to enforce the collection of the assessments within ten days after the passage of an ordinance fixing the assessment, and that section 8 is entirely
 
 permissive
 
 and
 
 discretionary,
 
 in so far as the governing authorities are concerned, it is clear that the promissory notes provided for in this section, when executed by the property owners, paraphed by the proper municipal officer to identify them with the ordinance levying the assessment, and transferred by the city, without recourse, would, in effect, be the same .instruments as the negotiable securities denominated in the title of the statute as “certificates of indebtedness,” and would offer every protection and security afforded by the latter. See Porter v. Town of Ville Platte, 158 La. 342, 104 So. 67.
 

 Particularly is this true when it is considered that under the provisions of section 8 of the statute, the contractor, or any transferee, “shall enjoy the lien and privilege and all other rights provided in this act accruing to the municipality ordering the work.” And, since the promissory notes detailed in the body of the act, when transferred, are in effect the same as certificates of indebtedness, the title of the act sufficiently conforms to the provisions of the Constitution cited.
 

 “The title of the statute * * * is therefore somewhat irregular in form, but it serves the purpose of expressing the object of the act, as required by article 31 of the Constitution.” Roth v. Town of Thibodaux, 137 La. 210, at page 215, 68 So. 412, 414.
 

 “The title” of an act “need not mention ‘the means, method or instrument’ by which it is intended to accomplish a general purpose. The modus operandi may not be indicated” by the statute. Thornhill v. Wear, 131 La. 479, 59 So. 909.
 

 As bearing generally on the issues herein discussed, and as a complete answer to the question disposed of under the third proposition, the court again quotes from Fristoe v. City of Crowley, 142 La. 393, at page 398, 76 So. 812, 813 (L. R. A. 1918C, 254):
 

 “There being no constitutional inhibition, the Legislature and the municipality had the right to impose upon the property owner the cost of connecting his premises with the public sewerage, and to impose a lien upon the property to secure the payment of the debt. The Legislature also had authority to provide a special remedy or summary process for the enforcement of the lien and the collection of the debt. Sections 7 and 8 of Act No. 249 of 1912 make provision for that special remedy or summary process. If those provisions of the statute are not constitutional, because their object is not expressed in the title of the act, the Legislature has inadvertently failed in its purpose to provide a special remedy for the enforcement of the lien and the collection of the debt. In that event the lien might be enforced and the debt collected by the ordinary process, by an action at law for the, collection of the debt. If the Legislature has failed, either intentionally or by inadvertence, to provide a special remedy for the enforcement of a lien which it has created, it does not follow that the statute creating the lien is without effect. As was said in Pollard v. Bailey, 20 Wall. (87 U. S.) 520, 22 L. Ed. 378, a liability created by statute without a special remedy may be enforced by an appropriate common-law action, although, where the provision for the liability is coupled .with a provision for a special remedy, that remedy — and that alone — must be employed. We see no reason for deciding now wheth
 
 *979
 
 er the municipality must eventually resort to the ordinary process or may employ the special remedy which the Legislature has attempted to grant for the enforcement of the lien imposed upon the plaintiff’s property. It is sufficient to say‘that the provisions of the statute that authorized the municipality to create the lien are valid, whether the remedy provided for enforcing the lien is or is not valid legislation. The only question with which the plaintiff is now concerned is whether the municipality had a right to impose the debt and lien upon his property. Our opinion is that the municipality had the right. Ubi jus, ibi remedium. What the remedy is will be determined when the question arises.” ,
 

 For the reasons assigned,’ judgment will be signed recalling the temporary restraining order and rule nisi heretofore issued herein, and dismissing plaintiff’s application for a preliminary injunction, with costs.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.