MARCUS, Justice
(concurring in part and dissenting in part).
I agree that the trial court correctly held that the defendant bank, a domestic banking corporation, domiciled and engaged in the business of banking in the Parish of St. Landry, and other banking institutions in St. Landry Parish were denied the equal protection of the law. However, I do not consider that the portion of Act 98 of 1976 at issue in the instant case should be declared unconstitutional as a denial of equal protection of the law to banking institu *848 tions in the other eight parishes enumerated therein because no such showing was made at the evidentiary hearing held on the matter before the trial court.
I do not agree that the pertinent portion of Act 98 of 1976 is unconstitutional as a “local or special” law under La.Const. art. 3, § 12. It is well settled that a law is not local or special, rather than general, even though its enforcement may be restricted to a particular locality, simply because the conditions under which it operates do not prevail in every locality of the state. Davenport v. Hardy, 349 So.2d 858 (La.1977); Kotch v. Bd. of River Port Pilots Comm’rs., 209 La. 737, 25 So.2d 527 (1946), aff’d., 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947); Clark v. City of Opelousas, 147 La. 1, 84 So. 433 (1920). A “general” law is one which operates equally and uniformly upon all persons brought within the relations and circumstances for which it provides or one which operates equally upon all of a designated class founded upon a reasonable and proper classification. Davenport v. Hardy, supra; Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (1953); State v. Clement, 188 La. 923, 178 So. 493 (1938). “Local or special” law, as used in prior Louisiana constitutions and as carried forward in the 1974 constitution, is, in essence, one directed to secure some private advantage or advancement for the benefit of private persons or private property within a certain locality. See Davenport v. Hardy, supra; State ex rel. Grosch v. City of New Orleans, 211 La. 241, 29 So.2d 778 (1947); State v. Dalon, 35 La.Ann. 1141 (1883). Hence, I consider that the portion of Act 98 of 1976 at issue in the instant case is not unconstitutional as a “local or special” law within the meaning of La.Const. art. 3, § 12.
For these reasons, I dissented from the majority opinion in State v. LaBauve, 359 So.2d 181, No. 62,111 (La., 1978), and also consider that the entirety of the pertinent portion of Act 98 of 1976 should not be declared unconstitutional.
Accordingly, I concur in the per curiam insofar as it declares unconstitutional that provision of Act 98 of 1976 which prohibits banking institutions in the Parish of St. Landry from conducting banking business on Saturdays. I dissent insofar as the opinion declares unconstitutional the remainder of that portion of Act 98 of 1976 at issue in the instant case.