(40 South. 920.)

No. 16,067.

### STATE v. WEST.

(April 23, 1906. Rehearing Denied May 21, 1906.)

1. GRAND JURY — PETIT JURY — DISCRIMINATION AGAINST NEGRO—EVIDENCE.

    The evidence offered does not sustain the allegations of discrimination.

2. SAME.

    To sustain the defense it must appear that there was discrimination.

3. SAME.

    Bush v. Kentucky, 1 Sup. Ct. 625, 107 U. S. 110, 27 L. Ed. 354.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Israel West was convicted of murder, and appeals. Affirmed.

Robert L. Belden and Thomas Kleinpeter, for appellant. Walter Guion, Atty. Gen., and Leland Hugh Moss, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. Defendant was charged with having murdered E. M. Browning on the 29th day of December, 1905.

He was indicted, and on the 2d day of February, 1906, he was arraigned and pleaded not guilty. Before his arraignment, he filed a motion to quash the indictment, in which he averred that he is a negro, and that the man he was charged with having murdered was a white man; that there were no names of persons of his race in the jury box from which the grand jury was drawn that found a true bill against him, notwithstanding the fact that in the parish of Calcasieu there are over 2,000 persons of the African race who are competent to be jurors and who can read and write; that the forms of law were not followed; that the law of the state, as well as the fourteenth and fifteenth amendments of the Constitution of the Unit-

ed States, were disregarded, and were not at all followed; that under the federal jurisprudence there should have been persons of his race on the jury.

A similar motion was made against the petit jury by whom he was tried, and in which he averred there were no negroes, owing to the unwillingness of the jury commissioners to place names of negroes in the jury box.

These motions to quash the grand jury, by whom he was indicted, and to set aside the petit jury, by whom he was found guilty, were heard and overruled by the trial judge.

The case was thereafter assigned for trial, and on the day assigned it was tried.

The jury found the accused guilty, without capital punishment. .

From the verdict and sentence, defendant prosecutes this appeal.

The accused took a bill of exceptions to the court's action in overruling, as before mentioned, the motion to quash the indictment, and the motion declining to be tried by a jury composed exclusively of white persons.

In this bill of exceptions, the trial judge incorporated his statement in support of his ruling, which was that the motions were overruled because defendant completely failed to prove the allegations of his motions; that there was no proof that the deceased was a white man, and the accused a negro; that there was no evidence in the record showing that there were no negroes on the grand jury which indicted the accused; that defendant did not prove that there were no names of negroes on the general venire list in the general venire box; that counsel for the accused did not attempt to prove any discrimination by the jury commission in the selection and drawing of jurors on account of race or color; and that, in the absence of all proof to the contrary, it must be presumed that the jury commissioners did their duty.

In the brief filed in behalf of defendant, it is, in substance, stated that the motion to quash and the motion to suspend proceedings, or not to go to trial before a jury composed entirely of white persons, are based upon the fact that there were no negroes on either juries, and that this is the ground of defense.

In answer to the brief, we will state that the complaint is not well founded, for there is no evidence before the court to prove that the accused is a negro, nor was there any evidence to prove that the deceased was a white man.

The discrimination complained of, without that proof, cannot be maintained. The argument of counsel for defendant is based upon that hypothesis. It can be of no effect without the proof just mentioned.

The defendant invokes the rule that a negro is not to be discriminated against when placed on his trial. This rule is sustained by ample authority, and unquestionably there should be no such discrimination.

The law of this state is pronounced against discrimination; if it has been exercised, it should be shown; but, until that is done, a new trial cannot very well be granted.

But to sustain the defense it must be made to appear that there was discrimination. No act of the jury commissioners shows that there was such discrimination.

Beyond the fact that there are a number of persons of African descent in the parish, the testimony is silent.

A similar ground was decided in Bush v. Kentucky, 107 U. S. 110, 1 Sup. Ct. 625, 27 L. Ed. 354, in which the court held, substantially, that it should be assumed that the statute was followed in the selection of jurors until proof is produced to the contrary.

It has been decided that the mere circumstance that all names drawn out of the venire box, containing 300 in all, were those

of white persons, no evidence being offered to show that the box contained no names of negroes did not establish a discrimination against the latter race. Am. & Eng. Enc. of Law p. 82, par. 1.

That is the case here.

This court has expressed a similar view in a number of decisions. State v. Casey, 44 La. Ann. 971, 11 South. 583; State v. Joseph, 45 La. Ann. 905, 12 South. 934; State v. Murray, 47 La. Ann. 1425, 17 South. 832; State v. Ford, 42 La. Ann. 255, 7 South. 696.

With these decisions before us, we are constrained to hold that defendant and appellant is without ground of complaint, and to affirm the verdict of the jury and the judgment of the district court.

For reasons assigned, the verdict and judgment are affirmed.