**179 So. 306**

**STATE v. TABOR et al.**

**No. 34687.**

Feb. 7, 1938.

Carroll Montet, of Thibodaux, for relators.

C. A. Morvant, Acting Dist. Atty., of Thibodaux, for respondents.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, amici curiæ.

HIGGINS, Justice.

The defendants were convicted of violating Act No. 130 of 1936, in having trapped fur-bearing animals upon swamplands of others, without their consent, and were each sentenced by the trial judge to pay a fine of $50 and costs, and ten days in jail, and, in default of payment of the fine and costs, to serve an additional sixty days in jail. They reserved a bill of exception when the trial court overruled their motions in arrest of judgment, predicated on the ground that the conviction and sentence were null and void, as Act No. 130 of 1936 was unconstitutional, being in violation of clause 18 of section 4 of article 4 and section 6 of article 4 of the Constitution of 1921.

After sentence was imposed upon them, defendants applied to this court for writs of certiorari, prohibition, mandamus, and habeas corpus, which were granted.

Section 6 of article 4 of the Constitution of 1921, prohibits the Legislature from passing any local or special law "not enumerated in Section 4 of this article, unless notice

of the intention to apply therefor shall have been published, without cost to the State, in the locality where the matter or things to be affected may be situated."

In the case of State of Louisiana v. Herman Clement, 188 La. 923, 178 So. 493, the defendants attack the constitutionality of Act No. 130 of 1936 on this identical ground. We held that since the statute contained a provision which limited its application to lands situated less than 150 miles from the shore line of the Gulf of Mexico, it was a local or special law and not a general one, and that, therefore, since notice of intention to apply therefor had not been published in accordance with the provisions of section 6, article 4 of the Constitution, the statute was clearly unconstitutional.

For the reasons assigned, it is ordered, adjudged, and decreed that Act No. 130 of 1936 is declared unconstitutional, null, and void, the motions in arrest of judgment are sustained, the convictions and sentences are set aside, and the defendants are discharged.