437 So.2d 249 (1983)
STATE of Louisiana
v.
Shurbert Charles STIRGUS.
No. 83-KA-0809.
Supreme Court of Louisiana.
September 2, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, John Sinquefield, Asst. Dist. Attys., for plaintiff-appellant.
Alan S. Fishbein, Fishbein & Comeaux, Baton Rouge, for defendant-appellee.
CALOGERO, Justice.
The trial court's declaring unconstitutional Act 183 of the 1980 Louisiana Legislature prompts this review on appeal by the state.[1]
Act 183 of 1980 is a local law which in part prohibits excavation of that portion of *250 the bed and banks of the Comite River in East Baton Rouge Parish between Comite Drive and Greenwell Springs Road, which lies within three hundred feet of any state highway or bridge (except with the written approval of the Department of Transportation and Development). The penalty for an unauthorized excavation is a one thousand five hundred dollar fine or not more than fifteen days imprisonment, or both.
The defendant in this case, Shurbert Charles Stirgus, owns and operates a gravel pit near the Comite River in the Parish of East Baton Rouge. He was charged by bill of information with illegal excavation in violation of Act No. 183. In response, he filed a motion to quash, contending that the act in question was unconstitutional. The trial judge granted the motion with written reasons, finding that Act 183 (until passage, House Bill 427) had not been properly advertised before passage, in contravention of 1974 La. Const. art. 3 § 13.
For the reasons which follow, we find that Act 183 is indeed unconstitutional because it was not properly advertised in accordance with La. Const. art. 3 § 13.
As indicated earlier, Act 183 of 1980 is a local law which prohibits certain excavations within a specified area of the Comite River. The Act's title as it appears in Acts of the State of Louisiana, Vol. I, Regular Session 1980, published by the Secretary of State includes the following recitation:
Notice of intention to introduce this Act has been published as provided by Article III, Section 13 of the Constitution of Louisiana.[2]
La. Const. art. 3 § 13 provides:
No local or special law shall be enacted unless notice of the intent to introduce a bill to enact such a law has been published on two separate days, without cost to the state, in the official journal of the locality where the matter to be affected is situated. The last day of publication shall be at least thirty days prior to introduction of the bill. The notice shall state the substance of the contemplated law, and every such bill shall recite that notice has been given. (Emphasis provided)
On April 3, 1980, and April 4, 1980, the public notice of intention to introduce a local bill to prohibit excavation on a designated section of the Comite River within three hundred feet of a state highway appeared in the State-Times, a daily newspaper of general circulation, and the Official *251 Journal of the State of Louisiana, the City of Baton Rouge and the Parish of East Baton Rouge.[3]
On April 23, 1980, House Bill 427 was introduced. There had not intervened thirty days from the first or second publication date before introduction. The delay between publication and introduction was only nineteen days, rather than the thirty days required under La. Const. art. 3 § 13.
The state does not dispute that there were only nineteen days between second publication and introduction of the bill. Rather they contend that the recital in the preamble to the Act that publication was made in accordance with La. Const. art. 3 § 13 precludes any further inquiry. That argument is not valid for the reasons which follow.
The state relies upon language in an 1895 case of this Court that absent fraud, "no extrinsic proof is admissible for the purpose of contradicting recitals contained in a legislative act." State v. Murray, 47 La. Ann. 1424 at 1427, 17 So. 832 at 834 (1895). This observation in State v. Murray was merely dicta. The Court ultimately decided that the statute in question (concerning grand jury selection) was not local in nature and so did not come within the requirements for advertisement in advance of the bill's introduction in the Legislature. Furthermore that Murray language originated in State v. Mason, 43 La. Ann. 590, 9 So. 776 (1891) and addressed only whether legislative journals were admissible into evidence when the truth of an entry is questioned.
We have a substantially different situation presented in this case. Act 183 is definitely a local and special law within the constitutional provision requiring notice of intention to pass such a law. City of New Orleans, et al. v. Hon. David C. Treen, Gov. et al., 431 So.2d 390 (La.1983); State v. LaBauve, 359 So.2d 181 (La.1978); State v. Tabor, 189 La. 253, 179 So. 306 (1938); State v. Clement, 188 La. 923, 178 So. 493 (1938). The statement of constitutional compliance in the preamble to Act 183 is a recitation concerning an historical fact. The statement is either true or not. The courts may determine the truth of recited facts contained in a statute which purport to show that it was constitutionally enacted.[4]
While a presumption of regularity is generally accorded legislative proceedings, such presumption is rebuttable. In Hollingsworth v. Thompson, 45 La. Ann. 222, at 232, 12 So. 1 at 4 (1893)[5] we said:
"The unconstitutionality of an act enrolled, authenticated by signatures of the presiding officers, and approved and signed by the governor, must be affirmatively *252 and clearly shown, before the courts are authorized to treat it as void, because not being passed in accordance with the rules of parliamentary law prescribed in the constitution." Hall v. Steele [82 Ala. 562], 2 So. 650 (Ala.1887). (Emphasis in original)
In this case we have a clear and affirmative showing of a constitutional deficiency in the passage of Act 183. Here there were only nineteen days between the publication of notice in the State-Times and the introduction of House Bill No. 427. Thirty days advance notice is required by La. Const. art. 3 § 13. Local and special legislation which requires advertisement in advance of its introduction in the House or Senate is unconstitutionally enacted if such public notice of intention to introduce the bill is not given.
The trial judge was correct in finding that the enactment process for 1980 La. Act No. 183 did not comply with the constitutional mandate.

Decree
For the foregoing reasons, Act 183 of the 1980 Legislature is unconstitutional. The judgment of the district court to the same effect is affirmed.
AFFIRMED.
NOTES
[1] La. Const. art. 5 § 5(D) provides for direct appeal to this Court if a state law has been declared unconstitutional.
[2] 1980 La. Act No. 183 provides in full:

To prohibit the channelization, channel realignment, reservoir construction and excavation with a dragline, backhoe, caterpillar tractor or by any other means on that portion of the bed and banks of the Comite River in East Baton Rouge Parish between Comite Drive and Greenwell Springs Road which is within three hundred feet of any state highway or bridge without written approval of the Department of Transportation and Development and except as required for construction, maintenance and preservation of state highways by the Department of Transportation and Development and, to provide a penalty of one thousand five hundred dollars fine or not more than fifteen days imprisonment, or both, for violation of this Act, and otherwise to provide with respect thereto.
Notice of intention to introduce this Act has been published as provided by Article III, Section 13 of the Constitution of Louisiana.
Be it enacted by the Legislature of Louisiana:
Section 1, Channelization, channel realignment, reservoir construction and excavation with a dragline, backhoe, caterpillar tractor or by any other means on that portion of the bed and banks of the Comite River in East Baton Rouge Parish between Comite Drive and Greenwell Springs Road which is within three hundred feet of any state highway, or bridge without written approval of the Department of Transportation and Development and except as required for construction, maintenance and preservation of state highways by the Department of Transportation and Development is hereby prohibited.
Willful violation of any provision of this Act shall be a misdemeanor punishable by a fine of one thousand five hundred dollars or imprisonment for not more than fifteen days, or both.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Section 3. All laws or parts of laws in conflict herewith are hereby repealed. (Emphasis provided)
[3] The notice read:

Public notice is hereby given, in compliance with Section 13, Article III of the Louisiana Constitution of 1974, that there will be introduced at the forthcoming session of the Legislature of Louisiana, to be convened on April 21, 1980, a bill to prohibit the channelization, channel realignment, reservoir construction, and excavation with a dragline, backhoe, caterpillar tractor, or by any other means on that portion of the bed and banks of the Comite River in East Baton Rouge Parish between Comite Drive and Greenwell Springs Road which is within three hundred feet of any state highway, parish road or bridge. Provides a penalty for violation of five-thousand dollar fine and/or not more than fifteen days imprisonment.
[4] As noted in Comment, 41 La.L.Rev. 1187 at 1194 et seq. (1981), judicial inquiry into whether an act meets mandatory constitutional standards differs from a court's review of whether the legislative body observes its own internal rules of procedure. La. Const. art. 3 § 7. Compare, State v. Gray, 221 La. 868, 60 So.2d 466 (1952); Daigle v. Hess, 270 So.2d 294 (La. App. 1st Cir.1972), writ denied, 272 So.2d 376 (La.1973).
[5] Hollingsworth et al v. Thompson, 45 La. Ann 222, 12 So. 1 (1893) concerned a challenge to a tax law. To prove that the law was not properly passed by the Legislature, the plaintiffs introduced portions of the House and Senate Journals.

The full text of the amendment appeared in the Senate Journal for June 23, but was not included in the House Journal of June 28. The Court applied the presumption of regularity of legislative proceedings and found that the omission did not invalidate the law because there was no constitutional or statutory requirement that an amendment be printed in the journals.