Dear Ms. Truly:
We are in receipt of your request for an opinion regarding Act1111 of the 1992 Legislative Session, providing for the designation and composition of community action agencies and the membership of the boards of the agencies in several parishes. Specifically, you have asked whether the failure to advertise a notice of intent to introduce Senate Bill 484 in Orleans Parish, in accordance with LSA-Const. Art. 3, § 14 (1974), invalidates the legislative requirements of Act 1111 (1992) that were directed towards Orleans Parish.
A reading of the original bill in this matter states that "Notice of the introduction of this Act has been published." Thereafter, the bill was amended to include the Parish of Orleans. It has long been decided by the Supreme Court of Louisiana that where a special Act contains a recital that notice was published, the recital cannot be contradicted in the absence of fraud. (State v. Murray, 1895, 47 La. Ann. 1424, 17 So. 832; State v. Felter, 1917, 141 La. 58, 74 So. 629).
We enclose herein several opinions of the Attorney General which conclude that where a bill contains a recitation that it was published as either a special or local bill, such recitation is not subject to dispute. (Atty. Gen. Op. Nos. 83-220 and 83-244, 77-756, and 78-1388). Additionally, Opinion No. 83-220 and 83-244 concludes that where an amendment to a bill is germane to the bill as introduced, and the introduced bill was germane to its public notice, the amendment would not be beyond the purpose stated in the public notice.
A public notice was published informing the public of the intention of the legislature to introduce a local bill to "provide relative to the designating authority of community action agencies in certain parishes; and to provide for related matters." For the foregoing reasons, we conclude that a notice of intent for Senate Bill 484, Act 1111 of 1992 was published, and the amendment which added Orleans Parish was a germane amendment and therefore, Act 1111 of 1992 is a valid Act. Statutory Acts of the legislature are presumed to be valid and the courts hesitate to overrule a law and have a duty to uphold a law unless it clearly violates the state or federal constitution. (State v. Guidry, 1965, 247 La. 631, 173 So.2d 192).
If we can be of further assistance in this matter, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/lg
Enclosures