JaFOIL, Judge.
This appeal challenges the constitutionality of a statute mandating that the votes of a central tax collection commission for a single parish be counted by a weighted method based on the individual members’ proportional tax collections. The trial court held that the statute was constitutional. We reverse,
FACTS
The facts forming the basis for this litigation have been stipulated to by the parties, and thus are not in dispute. In 1992, Louisiana voters approved a constitutional amendment requiring all sales and use taxes levied by political subdivisions be collected by a single collector for each parish. Designated La. Const, art. 7, § 13, the provision became effective on November 20, 1991. La. Const, art. 7, § 3 B(l) gave all political subdivisions in each parish until July 1, 1992, to provide for the collection of such taxes by a single tax collector or a central collection commission. The constitutional provision also set forth that the legislature was to provide for a centralized method of tax collection for those parishes that did not have a centralized scheme in effect by July 1, 1992.
On June 30,1992, pursuant to the constitutional mandate, the legislature passed Act 1057, enacting La.R.S. 33:2844.1 to provide for the collection of local sales taxes. La. R.S. 33:2844.1A requires taxes be collected by a central collection commission in all parishes that did not have a central tax collection scheme in effect as of July 1,1992. The second paragraph of La.R.S. 33:2844.1 sets forth general rules regarding the makeup of the central collection commissions, and provides that their decisions shall be made by majority vote. The last three paragraphs of La.R.S. 33:2844.1 pertain to special rules for the central collection commissions of Sabine, Washington and St. Landry parishes. Paragraphs C and E provide for different compositions of the Sabine and St. Landry collection commissions, and provide for a different method of defraying the expenses of the Sabine tax commission.
|3The provision at issue in this litigation, paragraph D of La.R.S. 33:2844.1, provides for a weighted voting scheme applicable only to Washington Parish. It states:
*1338 Notwithstanding any other provision of this Section to the contrary, the decisions of the central collection commission of the parish of Washington shall be determined by majority vote of the commission, however, each political subdivision levying a sales and use tax within the parish shall have a vote weighted by the proportion that its sales and use tax collections bear to the total sales and use tax collections by all political subdivisions in the entire parish for the year preceding July 1, 1992.
The parties stipulated that La.R.S. 33:2844.1 was enacted without notice of intent to introduce the bill and no notice of intent to introduce the act was ever published in an official journal anywhere in the state.
As of July 1, 1992, Washington Parish’s taxing bodies had not agreed on a central tax collector for the parish. Therefore, pursuant to La.R.S. 33:2844.1A, the Washington Parish Sales/Use Tax Centralization Commission (Commission) was formed. The Commission was comprised of elected officials and public bodies levying a sales tax in the Parish of Washington, consisting of: (1) the Washington Parish Police Jury; (2) the Sheriff of Washington Parish; (3) the Washington Parish School Board; (4) the City of Bogalusa School Board; (5) the City of Bogalusa; (6) the Town of FranMinton; (7) the Village of Varnado; and (8) the Village of Angie.
Early on, as reflected in the minutes of the meetings of the Commission, the Commission began to focus on whether it could contract with a single entity to collect taxes on its behalf. Also, the members of the Commission disagreed on how the votes of the Commission members were to be counted. At a meeting of the Commission held on May 4, 1993, the members agreed to proceed under a one member-one vote basis thereafter instead of the weighted vote scheme set forth under La.R.S. 33:2844.1D.
The Commission requested bids for the services of a central collector for all taxes in the parish. In September of 1993, the Sheriff of Washington Parish, Duane Blair, and the City of Bogalusa |4both submitted proposals to the Commission to serve as the centralized tax collector for Washington Parish. On October 12, 1993, the Commission voted on the proposals, with 5 members voting in favor of Sheriff Blair’s proposal and 3 members voting in favor of the City of Boga-lusa’s bid. In this law suit, the parties stipulated if the vote of each member of the Commission was assigned an equal weight, the votes of the Sheriff, the Town of Frank-linton, the Washington Parish Police Jury, the Washington Parish School Board and the Village of Varnado, which voted in favor of the Sheriffs bid, would have constituted a majority vote of the Commission. However, if the vote of each member of the Commission was weighted based on relative tax collections as required under La.R.S. 33.-2844.1D, the vote of the City of Bogalusa, the Bogalusa City School Board, and the Village of Angie, which voted in favor of the City of Bogalusa’s proposal, would have constituted the majority vote of the Commission. The Commission adopted a resolution to accept the proposal of Sheriff Blair to serve as the collection agent.
This lawsuit, brought by the City of Boga-lusa against the Commission, followed, in which the City requested an injunction to prevent the Commission from entering into a contract for tax collection with anyone other than the City of Bogalusa. The City also requested the court issue an injunction or a writ of mandamus ordering the Commission to reject the Sheriffs proposal and to accept the City of Bogalusa’s proposal. The City urged that under the weighted voting scheme mandated by La.R.S. 33.-2844.1D, the votes it received at the meeting constituted the majority vote of the Commission, thereby entitling it by law to the tax collection contract with the Commission.
The Commission answered, seeking a declaratory judgment that La.R.S. 33:2844.1D is unconstitutional because it is a “local law” enacted without prior publication of notice of intent to introduce the act, as required by La. Const, art. 3, § 13. Sheriff Duane Blair intervened in the litigation, joining in the attack on the | r,constitutionality of the *1339 weighted voting provision applicable only to Washington Parish.[1]
The trial court found the weighted voting provision was constitutionally enacted despite the failure of the legislature to comply with the constitutional notification requirements. The court pretermitted the issue of whether La.R.S. 33:2844.1D is a local law because it found the provision was enacted pursuant to specific grant of authority contained in the constitution, thereby obviating the need to satisfy the constitution’s notification requirements. The trial court declared the resolution of the Commission accepting the Sheriffs proposal was invalid, and enjoined the Commission from entering into a contract with Sheriff Blair. Also, the trial court ordered the Commission to enter into a contract with the City of Bogalusa to serve as the collecting agent of the Commission. This appeal, taken by the Sheriff-intervenor, followed.
DISCUSSION
We are asked to decide whether La. R.S. 33:2844.1D, which sets forth a weighted voting scheme for only the parish of Washington, is constitutional despite the failure of the legislature to comply with the notification requirements found in La. Const, art. 3, § 13, which provides as follows:
Section 13. No local or special law shall be enacted unless notice of the intent to introduce a bill to enact such a law has been published on two separate days, without cost to the state, in the official journal of the locality where the matter to be affected is situated. The last day of publication shall be at least thirty days prior to the introduction of the bill. The notice shall state the substance of the contemplated law, and every such bill shall recite that notice has been given.
It is settled that local and special legislation which requires advertisement in advance of its introduction in the legislature is unconstitutionally enacted if such public notice of intention to introduce the bill is not given. State v. Stirgus, 437 So.2d 249,16252 (La.1983). There is an exception to this rule. The courts have repeatedly held the constitutional advertisement requirement does not apply when the Constitution itself gives the legislature the power to adopt legislation on a particular subject, even though otherwise “special or local” in character. Civil Service Commission of City of New Orleans v. Foti, 349 So.2d 305, 309 (La.1977).
The trial court found, and the City of Bogalusa urges in this appeal, the Constitution provides specific authority for the enactment of the weighted voting provision, thereby rendering the notification requirements inapplicable. The “specific” provision pointed to is found in La. Const, art. 7, § 3, which states, in pertinent part, as follows:
(B)(1) Notwithstanding any contrary provision of this constitution, sales and use taxes levied by political subdivisions shall be collected by a single collector for each parish. On or before July 1, 1992, all political subdivisions within each parish which levy a sales and use tax shall agree between and among themselves to provide for the collection of such taxes by a single collector or a central collection commission. The legislature, by general law, shall provide for the collection of sales and use taxes, levied by political subdivisions, by a central collection commission in those parishes where a single collector or a central collection commission has not been established by July 1, 1992.
(2) The legislature, by local law enacted by two-thirds of the elected members of each house of the legislature, may establish an alternate method of providing for a single collector or a central collection commission in each parish.
The City’s position is that the above provision gives the legislature the power to adopt, by local law, alternative methods for providing for a single collector or central collection *1340 commission in each parish. It contends this language encompasses within its parameters the right of the legislature to provide for differing membership compositions of the respective commissions and for different voting rights of the commission members.
We disagree. In City of New Orleans v. Treen, 431 So.2d 390, 395 (La.1983), the Louisiana Supreme Court made it clear that local or special laws will not be considered exempted from the application of La. Const, art. 3, § 13’s notification requirements 17unless the grant of power elsewhere in the constitution to adopt the legislation on the particular subject is specific. We do not find the relied upon provision to be sufficiently specific to authorize the legislature to establish a weighted voting scheme for a single parish in the State of Louisiana.
La. Const, art. 7, § 3 mandated the legislature implement a central taxing scheme in all parishes not voluntarily establishing one by July 1, 1992. To fulfill this constitutional mandate, the legislature was empowered to enact a general law establishing a central tax collection commission for all parishes that did not voluntarily do so. La. Const, art. 7, § 3 B(l). Alternatively, the legislature could decree, by local law, the taxes be collected either by a single collector or a central commission on a parish-by-parish basis. La. Const, art. 7, § 3 B(2).
In enacting La.R.S. 33:2844.1A, the legislature passed a general law decreeing taxes were to be collected by a central collection commission in all parishes without a centralized taxing scheme in effect by the cutoff date. Pursuant to that general law, the Washington Parish Sales/Use Tax Centralization Commission was established as the tax collector for Washington Parish. By enacting R.S. 33:2844.1A, the legislature fulfilled the constitutional mandate under La. Const, art. 7, § 3 A to provide, by general law, for the collection of taxes by central collection commissions in all parishes not having a centralized scheme in effect as of July 1, 1992. Since the legislature, by general law, established the method of tax collection for all parishes, La. Const, art. 7, § 3 B(2), which empowered the legislature to provide for the taxing bodies by an alternative method through the establishment of local laws, is simply inapplicable. Even if that provision were applicable to the facts of this case, we would still find it did not authorize the legislature to establish a weighted voting scheme for a single parish. La. Const, art. 7, § 3 B(2) only gave the legislature the power to determine taxes in Washington Parish would be collected by a central collection commission or a single tax collector. It is not sufficiently specific to authorize Isthe legislature to determine the weight of the votes to be given to the individual members of Washington Parish’s central collection commission.
Accordingly, if the provision at issue is a “local law,” it was unconstitutionally enacted because of the legislature’s failure to comply with La. Const, art. 3, § 13’s publication requirements. The initial question in determining whether a law is local or special, as opposed to general, is whether its operation is limited solely by its designation of certain parishes. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 7 (La. 11/30/94), 646 So.2d 885, 889. When the operation of a law is limited to certain parishes, it is suspect as a local or special law. State v. Labauve, 359 So.2d 181, 183 (La.1978). However, a law is not necessarily local solely because it is directed at specific localities if persons throughout the state are affected by it, or it operates on a subject in which the people at large are interested in. Polk v. Edwards, 626 So.2d 1128, 1134 (La.1993). Furthermore, a law can be classified as general even though it is limited to a particular locality if it is general in its terms or its operation is limited to a locality through the effect of a reasonable classification such as population, size or physical characteristics and not solely through the specific designation of a certain parish or parishes. City of New Orleans v. Treen, 431 So.2d at 394.
Applying these precepts, we find that La.R.S. 33:2844.1D is clearly a local law. *1341 The weighted voting provision is aimed solely at Washington Parish’s tax collecting authority and is not based on any characteristic peculiar to Washington Parish. It affects only the people of Washington Parish and does not embrace a subject upon which the people at large are interested. We find no reasonable basis for the legislature’s decision to determine by legislation the weight to be accorded the votes of the members of the central tax collection commission of Washington Parish. Because the operation of La. R.S. 33:2844.1D is limited solely by its 19designation of Washington Parish and not because of a reasonable classification, it is a local law.
Upon finding that La.R.S. 33:2844.1D is a local law, we hold that it is unconstitutional because it was enacted without satisfying La. Const, art. 3, § 13’s publication requirements.[2] Accordingly, we vacate the judgment of the lower court which ordered the Commission to enter into a contract with the City of Bogalusa for tax collections and which restrained the City from entering into a contract with Sheriff Blair for those services.
DECREE
We hereby declare that La.R.S. 33:2844.1D, which establishes a weighted voting scheme for the Washington Parish Sales/ Use Tax Centralization Commission, is unconstitutional. The judgment of the trial court is reversed. All costs of this appeal in the amount of $636.00 are assessed to appel-lee, the City of Bogalusa. REVERSED.
KUHN, J. concurs.

. The record reflects that the Attorney General received a copy of the pleadings in this case, reviewed the matter and declined to participate in the litigation.

. The City maintains that this court will be required to declare the entirety of Act 1057 unconstitutional. The weighted voting provision is sev-erable from the remaining portion of Act 1057, and therefore, this ruling does not affect the other portions of La.R.S. 33:2844.1. See State v. Azar, 539 So.2d 1222, 1226 (La.1989), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989).