Dear Mr. Cremaldi:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Mayor of the City of Patterson in regard to the validity of R.S. 33:423.732 enacted by Act 95, Sec. 2 of the Extraordinary Session of 1994 which provides as follows:
 Notwithstanding the provisions of R.S. 33:423 or any other provisions of law to the contrary, in and for the city of Patterson, the chief of police shall appoint and discharge police personnel subject to the budgetary limitations of the mayor and board of aldermen pertaining to the numbers allotted positions for the police department.
You point out the City of Patterson adopted a Home Rule Charter which became effective on January 1, 1993, and the Charter provides that the mayor has the authority to "appoint, suspend or remove all city government employees". You feel the statute violates Article 5, Sec. 6 of the Constitution of 1974 which prohibits the legislature from enacting any law which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of the local governmental subdivision operating under a home rule charter.
Additionally, you point out that you believe that Act 95 was not published in the official journal of the City of Patterson, Morgan City Daily Review, as required by Article 3, Sec. 13 of the 1974 of the Constitution that local and special laws are to be published on two separate days in the official journal of the locality where the matter to be affected is situated.
Accordingly, you ask this office whether R.S. 33:423.7 is constitutional as enacted pursuant to Act 95 of the Extraordinary Session of 1994 in light of Article 6, Sec. 6 and Article 3, Sec. 13 of the Constitution of 1974.
Article 6, Sec. 5. provides that a Home Rule Charter shall provide the structure and organization, powers and functions of the government of the local governmental subdivision, "which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution." Thereafter, Art 6, Sec. 6, provides as follows:
 The legislature shall enact no law the effect of which changes or affects the structure or organization or the particular distribution and redistribution of the powers and functions of the local governmental subdivision which operates under a Home Rule Charter.
Based upon this constitutional provision in Francis v.Morial, 455 So.2d 1168 (La. 1984) the Louisiana Supreme Court stated that legislature may not revoke, change or affect a Home Rule government's discretion to deploy its powers and functions unless it is necessary to prevent an abridgment of the exercise of the state's police power.
Consequently, we must conclude the City of Patterson has provided in its discretion in its Home Rule Charter that the power of the Mayor shall be to appoint all city government employees, and the Legislature cannot affect this delegation of authority under the Home Rule Charter by a statute granting this power to the Chief of Police to select police personnel for city employment. This violates the constitutional provision that provides the legislature shall not enact any law which affects the distribution of powers and function of a local governmental subdivision operating under a home rule charter.
Moreover, the provisions of the Home Rule Charter is not in conflict with general state law, and R.S. 33:423.7 is not an exercise of state police power so as to prevail over the Home Rule Charter.
You also state that it is your understanding that the Act was not published in the official journal of the City of Patterson as required by Constitutional Article 3, Sec. 13 for a local and special law. You point out that the bill initially only dealt with Westwego and was properly published in the Times Picayune. The bill was amended to include Section 2 which is relative to the City of Patterson but no publication was made in the Morgan City "Daily Review".
We find that Act 95 of the Extraordinary Session of 1994 does state in the Title that notice of intention to introduce the Act had been published as provided by Article III, Section 13 of the Constitution of Louisiana. However, in State v.Stirgus, 437 So.2d 249 (La. 1983) in answer to the contention of the state that the recital in the preamble of the Act that there was publication precluded further inquiry, the Supreme Court held that the argument was not valid. The Court stated, "While a presumption of regularity is generally accorded legislative proceedings such presumption is rebuttable".
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR