Dear Judge Schrumpf:
You point us to Act 276 of the 2003 Regular Session of the Louisiana Legislature, which passed through the legislative session as House Bill No. 1128, and you ask three questions about it, as follows:
 1. Does this act increase the jurisdictional limit of the City Court of Sulphur to $25,000 in civil matters?
 2. Is the act subject to constitutional challenge as a special law that was not advertised here or otherwise?
 3. If the answer to the first question is yes, and the second question, no, are there any other steps necessary before this court begins accepting civil actions with demands between $20,000 and $25,000 (when act 276 becomes effective)?
The body of Act 276 of 2003 Reg. Sess. purports, inter alia, to amend and reenact Code of Civil Procedure article (CCP art.) 4843 (D) to read as follows:
 "D. The civil jurisdiction of a city court in New Orleans and in any municipality having a population of not less than twenty thousand fifty and not more than twenty-four thousand according to the 1990 federal decennial census and the City Court of Monroe is concurrent with the district court in cases where the amount in dispute or the value of the property involved does not exceed twenty twenty-five thousand dollars."
[The changes from the old law to the new law by the Act are shown by the strike-through language and the underlined language. The strike-through was deleted from the old law, and the underlined was added in the new law.]
Accordingly, this Act purports to raise to $25,000 from $20,000 not only the civil jurisdiction of the City Court of Monroe but also the civil jurisdiction of the city court in New Orleans and in any municipality having a population of not less than twenty thousand fifty and not more than twenty-four thousand according to the 1990 federal decennial census.
However, the peculiar wording of this particular population provision might make this Act a special or local law that must be advertised in accordance with La. Const. (1974) art. III, § 13. By tying the population criterion strictly to one, certain census that is fixed and unchanging, the statute cannot apply statewide because other cities cannot grow into the population and never have a possibility of coming under the Act. As explained by the Supreme Court of Louisiana,
 "[Certain statutory provisions] trigger a mandatory contradictory hearing if a parish reaches 490,000 people according to the 1990 U.S. Decennial Census. The 1990 U.S. Decennial Census is fixed; the populations will not grow, shrink, or otherwise change. The only parish that meets, or will ever meet the criterion, is Orleans Parish. These laws operate only in a particular locality and do not have the possibility of extending their coverage to other localities or areas because the requisite criterion can never come to exist. Therefore, these laws clearly are local laws."
State v. Brazley, 2000-0923 (La. 11/28/00) at p. 5; 773 So.2d 718
at p. 721.
Now, the Act does indeed contain the recitation, "Notice of intention to introduce this Act has been published as provided by Article III, Section 13 of the Constitution of Louisiana." Although at one time this recitation could not be traversed by evidence to the contrary, it can now. Cf. State v. Murray, 47 La. Ann. 1424, 17 So. 832 (La. 1895)affirmed 163 U.S. 101, 16 S.Ct. 990, 41 L.Ed. 87, and State v. Stirgus,437 So.2d 249 (La. 1983). Whether the notice was actually published in the locality of the City of Sulphur is a question of fact that can only be resolved by evidence which we are not privy to.
But there is another major constitutional problem with the Act as well. The body of the Act purports to raise the civil jurisdictional amount for the city court in New Orleans and in any municipality having a population of not less than twenty thousand fifty and not more than twenty-four thousand according to the 1990 federal decennial census. However, the title of the Act reads as follows:
 "AN ACT "To amend and reenact Code of Civil Procedure Article 4843(D) and (E)(2), relative to the civil jurisdiction of the City Court of Monroe; to increase the jurisdictional amount of the court; and to provide for related matters."
Thus, while the body of the Act purports to change the jurisdictional amount for all these other city courts in addition to the city court for the City of Monroe, the title refers only to the city court for the City of Monroe and fails to indicate that these other city courts are being affected by the Act.
This anomaly came about as a result of a House Floor Amendment to the bill. As originally introduced, the bill, both in body and in title, only purported to lift the city court in the City of Monroe up to the same level of jurisdictional amount as the other city courts in Subsection D of CCP art. 4843. The House Floor Amendment changed the body of the bill to purport to raise the amounts of all the city courts in that particular provision but failed to change the title of the Act to indicate this change in the body of the bill.
La. Const. (1974) art. III, § 15(A), reads, in pertinent part, "Every bill shall contain a brief title indicative of its object." As explained by the Supreme Court of Louisiana,
 "The purpose of this constitutional requirement is to give the legislature and the public fair notice of the scope of the legislation. The requirement is designed to defeat deceitful practices of misleading the legislature into the passage of provisions not indicated by the title of the bill."
State v. Welkner, 253 So.2d 192, 193 (La. 1971); see also the cases cited therein.
Now, this legislation is presumed to be constitutionally valid, even as applying to city courts referred to in the Act other than the city court for the City of Monroe, until a court of law with proper jurisdiction to do so holds it otherwise. If someone challenges the Act in a court of law insofar as it applies, for example, to the city court in the City of Sulphur, we cannot help but think that the court is going to hold it unconstitutional for the same reasons spelled out in State v. Welkner,supra, and A. M. Pest Control Service, Inc. v. LaBurre, 170 So.2d 855
(La. 1965).
With warmest regards, we remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General By __________________________________ THOMAS S. HALLIGAN Assistant Attorney General