359 So.2d 181 (1978)
STATE of Louisiana, Appellee-Respondent,
v.
Kerry Andras LABAUVE, Appellant-Relator.
No. 62111.
Supreme Court of Louisiana.
May 24, 1978.
*182 Joseph Neves Marcal, III, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., William Yates, Asst. Dist. Atty., for plaintiff-respondent.
PER CURIAM.
The defendant was convicted of violating La.R.S. 56:409 and sentenced to pay a fine of $400. The statute proscribes the use of gill nets in portions of Lafourche and Terrebonne parishes.[1]
The sole issue before us, as raised by the defendant's appeal,[2] concerns the constitutionality of the cited statute. The trial court had denied a motion to quash the information because of the invalidity of the statute upon which based.
By such motion, the defendant contends that the cited statute is a local law enacted in violation of La.Const. of 1974, Art. 3, Section 12, which provides: "* * * the legislature shall not pass a local or special law:. . . (10) Defining any crime."

(1)
The Louisiana legislature possesses the authority to enact any law which is not prohibited by the federal or Louisiana constitutions. See Davenport v. Hardy, 349 So.2d 858 (La.1977) and cases cited therein. The basis of defendant's argument is that La.R.S. 56:409 violates Article 3, Section 12 of the Louisiana Constitution of 1974, which provides, in pertinent part, that "[e]xcept as otherwise provided in this constitution, the legislature shall not pass a local or special law . . . (10) Defining any crime."
The jurisprudence interpreting Article 3, Section 12 of the 1974 Constitution (as well as Article 4, Section 4 of the Louisiana Constitution of 1921, the corresponding provision in the old constitution), indicates that a statute is local or special if its restrictions can operate upon or affect only a portion of the citizens or a fraction of the property embraced within the classification created, while a general law is one which operates equally and uniformly upon all persons brought within the relations and circumstances for which it provides or operates equally upon all of a designated class, founded upon a reasonable and proper classification. Davenport v. Hardy, 349 So.2d 858 (La.1977); State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976); Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179 (La.1975); Kotch v. Board of River Port Pilot Commissioners, 209 La. 737, 25 So.2d 527 (1946), affirmed 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1974); State v. Dalon, 35 La.App. 1141 (1883).
Under these cases, however, a law, general in its terms, is not considered to be local or special, even though its enforcement may be limited to a particular locality, simply because the conditions under which it operates do not prevail in every locality. Davenport v. Hardy, cited above; State ex rel. Miller v. Henderson, cited above; Kotch v. Board of River Port Pilot Commissioners, cited above; State v. Donato, 127 La. 393, 53 So. 662 (1910); State v. Dalon, cited above. Rather the factor which makes a statute special or local is that it operates in one locality without the possibility of extending its coverage to other areas should the requisite criteria of its statutory classification exist there or that it affects only a certain number of persons within a class and not all persons possessing the characteristics of the class. State ex rel. Miller v. *183 Henderson, cited above. See also Comment, General and Special Laws in Louisiana, 16 La.L.Rev. 768 (1956); 2 Sutherland, Statutes and Statutory Construction § 40.02 (4th ed. 1973).

(2)
The statute prohibits the use of gill nets in portions of Terrebonne and Lafourche parishes south of the Intracoastal Canal. The legislature is, of course, empowered to regulate or even prohibit the use of gill nets in commercial fishing. It can provide criminal penalties for violation, however, only by a general statute applicable to all similarly-classified parishes or localities. On its face, the present statute is a local statute which (for no shown reason) applies only to portions of Lafourche and Terrebonne parishes.[3]
In State v. Clement, 188 La. 923, 178 So. 493 (1938), the court held that a statute which prohibited trapping in marsh lands within a certain proximity of the Gulf of Mexico was a local or special law and invalid for want of publication as required by the state constitution. The classification created was marsh lands within 150 miles of the Gulf.
In declaring the act to be special because of the unreasonable classification, the court took notice of the fact that there were numerous swamp areas without this arbitrary perimeter and stated that there was no rational justification for the latter's exclusion. If the statute had been applicable to all marsh lands in the state, it would have been upheld as a general law.
Whatever the prior jurisprudence, the Louisiana Constitution of 1974 in unmistakable terms specifically prohibits this type of legislation. Article 3, Section 12, provides: "* * * the legislature shall not pass a local or special law: . . .(10) Defining any crime." In the constitutional debates concerning adoption of this provision, its proponents in fact specifically agreed that the gill net law then in forcea local law affecting only parts of Lafourche Parish, the predecessor of the law here at issue would be invalidated, should this provision be adopted. See Volume 36, Verbatim Transcript of Proceedings of Constitutional Convention of 1973 (112th day), pp. 25-29 (1974).
When the operation of a law is limited to certain parishes, it is suspect as a local or special law. If its operation is so limited solely through the effect of a reasonable general classification (such as population size or physical characteristics), the law should not be considered within the prohibition of Art. 3, Section 12(A). See Johnson, Legislative Process, 36 La.L.Rev. 549 (1976); cf. Nomey v. State, 315 So.2d 709 (La.1975). However, if its operation is limited solely by its specific designation of certain parishes, it must be considered a local law violative of our constitution.

(3)
The state argues, however, that a statute is presumed to be constitutional and that the person attacking it has the burden of proving the contrary.
Nevertheless, La.R.S. 56:409 appears on its face to be a special law, applying only to portions of Lafourche and Terrebonne Parishes. The statute itself states no reasonable basis for the classification such as distinct geographic conditions which do not exist in any other part of the state. Because the law classifies by naming parishes rather than by describing conditions, it does not fall within the rule that a statute is not local, even though truly applicable to only one locality, if it is general in its terms and its coverage can extend to other areas should the requisite criteria exist there as well. See Sutherland, supra, at § 40.06.
Since by this analysis the statute on its face is a local criminal law, the defendant *184 in this case carried his burden of proving its unconstitutionality. See State v. Skinner, 358 So.2d 280 (decided April 10, 1977); State v. Everfield, 342 So.2d 648 (La.1977); State v. Devall, 302 So.2d 909 (La.1974). Since the law by its terms does not permit future entrance to the class when its qualification standards have been met, the reasonableness of the present specific and narrow classification is not truly at issue. See La.Const., Art. 6, Section 3 (1974) which provides that "the legislature may classify parishes or municipalities according to population or on any other reasonable basis related to the purpose of the classification." See also Vol. 36, Verbatim Transcript of Proceeding of Constitutional Convention of 1973, 112th day, at 25-35 (1974).
Conclusion
This statute is plainly a local law defining a state crime applicable only to a given locality, in violation of the express provision and the intended prohibition of Article 3, Section 12. See also: 2 Sutherland, Statutes and Statutory Construction, Sections 40.01, 40.04, 40.06, 40.08, 40.23 (4th Ed., Sands, ed., 1973).
Accordingly, we declare La.R.S. 56:409 unconstitutional on its face, and we reverse the trial court judgment denying the motion to quash the information as founded on an invalid statute, and we reverse and set aside the conviction and sentence, and dismiss the prosecution.
STATUTE HELD TO BE UNCONSTITUTIONAL; CONVICTION AND SENTENCE REVERSED; PROSECUTION DISMISSED.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.

APPENDIX A
La.R.S. 56:409 provides:
Use of gill nets, trammel nets and seines in portions of Terrebonne and Lafourche Parishes
A. The use of gill nets is hereby prohibited in the area bounded on the north by the southern line of the Intracoastal Waterway, on the south 750 feet seaward from the inside and outside shrimp line described in R.S. 56:495, on the east by the eastern boundary line of the parish of Lafourche and on the west by the western boundary line of the parish of Terrebonne. Any such nets found in use in the area described above shall be confiscated and destroyed.
B. Except for the period from July 16 through April 14 following, the use of trammel nets and seines for saltwater fishing is hereby prohibited in the area bounded on the north by the southern line of the Intracoastal Waterway, on the south 750 feet seaward from the inside and outside shrimp line described in R.S. 56:495, on the east by the eastern boundary line of the parish of Lafourche and on the west by the western boundary line of the parish of Terrebonne. It is specifically provided in this section that menhaden vessels licensed by the State of Louisiana shall be allowed to purse seine for menhaden seaward but not nearer than 750 feet seaward from the inside and outside shrimp line described in R.S. 56:495.
C. Any person found guilty of violating any provision hereof shall be subject to a fine of not less than two hundred dollars or more than five hundred dollars or imprisonment of not less than thirty days or more than six months. As an additional penalty, the violator's net or nets and catch shall be confiscated.
NOTES
[1] The statute is set forth in full as Appendix "A" to this opinion.
[2] The sentence for the misdemeanor falls below the minimum of those directly appealable to this court. La.Const. of 1974, Art. 5, Section (D). However, we treat this as an application for supervisory review, La.Supreme Court Rule 1, Section 11, to which the respondent is entitled in lieu of direct appeal. La.Const. of 1974, Art. 5, Section 5(D); La.C.Cr.P. art. 912.1 (1974).
[3] The Official Map of Louisiana prepared by the Louisiana Department of Public Words (1971), for instance, shows similar topography and waterway configuration of adjacent portions of St. Mary, Jefferson, St. Bernard, and Plaquemines parishes south of the Intracoastal Canal. A Louisiana court may take judicial cognizance of geography and topography of the state. State v. Clement, 188 La. 923, 178 So. 493, 495-96 (1938).