PER CURIAM.
The trial court held a portion of Act 98 of 1976[1] unconstitutional. This act, which prohibits bank institutions within nine parishes from opening on Saturdays, was held to violate the provision of La.Const. of 1974, Article 3, Section 12, which provides in pertinent part:
“Section 12. (A) Prohibitions. Except as otherwise provided in this constitution, the legislature shall not pass a local or special law: * * *
(6) Regulating labor, trade, manufacturing, or agriculture; fixing the rate of interest. * * * ”[2] (Italics ours.)
For reasons more fully set forth in our recent decision citing a similar issue, State v. LaBauve, 359 So.2d 181 (Docket No. 62,111, 1978), we find that the quoted portion of the act is a local law regulating trade in nine parishes by specific designation of them only. Therefore, it falls within the prohibition of Article 3, Section 12(A)(6) and is invalid.
Accordingly, we affirm the judgment of the district court so declaring and, consequently, denying the state banking agency an injunction against the defendant bank to require it to close on Saturdays.
AFFIRMED.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
SANDERS, C. J., concurs in part and dissents in part for the reasons assigned by MARCUS, J.
SUMMERS, J., dissents.

. The portion invalidated provided:
“Notwithstanding the provisions of R.S. 6:65 or any other law to the contrary, all banking institutions . . located within the parishes of Terrebonne, Lafourche, Iberia, Pointe Coupee, West Baton Rouge, St. Mary, and Iber-ville, and all banking institutions located within the parishes of Lafayette and St. Landry, shall be closed during any year on Saturdays . . .”

. The trial court correctly held that the defendant bank was denied the equal protection of the law; but we do not reach this issue, in view of our decision that the statute offends the cited provision of the state constitution.