Dear Dr. Arveson:
You have requested an opinion from this office regarding House Concurrent Resolution 278 of the 1991 Regular Session. That resolution urges and requests the State Board of Elementary and Secondary Education, in consultation with the Louisiana School Boards Association, to study the feasibility of the State establishing and funding an entitlement program based on a per student allocation — to assist city and parish school boards in meeting capital needs, including but not limited to such needs for buildings, equipment, and transportation; and, upon determining that the concept of a capital needs program is feasible, to formulate, develop, adopt and recommend such a program to the Governor and to the legislature.
Your question is, if this resolution is enacted into law by the legislature, will this law violate Article III Section 12.8 of the Louisiana Constitution of 1974? The Article states as follows:
 "Except as otherwise provided in this constitution, the legislature shall not pass a local or special law (8) regulating the management of parish or city public schools, the building or repairing of parish or city schoolhouses, and the raising of money for such purposes."
The question is whether HCR 278 falls within the meaning of "special or local law." In State v. Slay, 370 So.2d 508, 510
(La. 1979), a statute was considered a "special or local law", if its restrictions can affect only a portion of the citizens or a fraction of property embraced within the created classification. A "general law", on the other hand, operates equally and uniformly upon all persons brought within the relations and circumstances for which it provides or operates equally upon all of a designated class, founded upon a reasonable and proper classification. Id.
HCR 278 appears to fall within the second category. The proposed statute's language is all-inclusive, requesting the State Board of Elementary and Secondary Education to study the feasibility of the state establishing and funding an entitlement program based on a per student allocation to assist city and parish school boards in meeting capital needs. A bill with such a broad objective should be seen as a "general law" as opposed to a "special or local law."
Further, even if the proposed statute's effect or enforcement is limited to a particular locality, the statute is not automatically rendered "special or local" simply because conditions under which it operates may not surface in all the localities. Id. The determinative characteristic of a "special or local law" is that it operates in one locality without possibility of extended coverage to other areas if the requisite criteria of the statutory classification are determined to exist there, or that it affects only a certain number of persons within a class, and not all persons possessing the class characteristics. Caddo Parish School Board v. Board of Elections, 384 So.2d 448 (La. 1980).
HCR 278 has none of the salient characteristics of a "special or local law." It is to be applied statewide through a state agency. Even if its operation is limited to or favors certain parishes or designated areas as a result of the per student allocation, such a limitation will still not brand the proposed law a "special or local law" because the unequal effect could easily be seen as a result of a reasonable classification. Slay at 511.
HCR 278 clearly states reasonable support for its adoption:
 "Article VII, § 1 of the Constitution . . . places with the legislature the responsibility to provide for the education of the people of the state . . . and . . . to provide learning environments designed to promote excellence . . ."
Establishing and funding an entitlement program based on a per student allocation is reasonably related to this goal of excellence.
In our opinion, there would be no violation of Article III, Section 12.8 in enacting the principles of HCR 278 into law. The proposed statute would be classified as a "general law" as a result of its blanket coverage of the entire state, notwithstanding its possible unequal effects due to population differences.
Trusting the above answers your question, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr