Dear Representative Donelon:
You have requested an opinion from this office with regard to the constitutionality of that portion of Act 1097 of the 1992 Regular Session, known as the Louisiana Noncoal Surface Mining Law (now LSA-R.S. 30:961, et seq.), which exempts seven specific parishes from the Act.
Article 3, Section 12 of the Louisiana Constitution of 1974 prohibits local or special laws. However, as is obvious from its provisions, only local or special laws concerning clearly specified subjects are prohibited. See also Bayou Cane Volunteer Fire Department v. Terrebonne Parish Consolidated Government, 548 So.2d 915 (La. 1989).
Art. 3, Sec. 12, entitled Prohibited Local and Special Laws, provides, in pertinent part, as follows:
 (A) Prohibitions. Except as otherwise provided in this constitution, the legislature shall not pass a local or special law:
. . . .
(6) Regulating labor, trade, manufacturing, or agriculture . . .
In the case of State v. Labauve, 359 So.2d 181 (La. 1978), the Louisiana Supreme Court held that:
 When the operation of a law is limited to certain parishes, it is suspect as a local or special law. If its operation is so limited solely through the effect of a reasonable general classification (such as population size or physical characteristics), the law should not be considered within the prohibition of Art. 3, Section 12(A). However, if its operation is limited solely by its specific designation of certain parishes, it must be considered a local law violative of our constitution. (citation omitted)
The Civil Code (Art. 11) suggests that an ambiguous text should be interpreted according to the general and popular use of the words employed at the time the statute was passed. Zapata Haynie Corporation v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991).
It is the opinion of this office that noncoal surface mining would generally be considered labor and/or a trade. Thus, the object of Act 1097 is covered by the prohibition of Art. 3, Sec. 12(A)(6). Further, as the exemptions of certain parishes contained in the Act does not appear to be based on any reasonable general classification (such as population size or physical characteristics), it is our opinion that the law is a local or special law, prohibited by the Constitution. The portion of the Act exempting the seven parishes is therefore unconstitutional.
With regard to the "severability" of the offending portion of the Act, the Louisiana Supreme Court, in Guidry v. Roberts,335 So.2d 438 (La. 1976), held that:
 [I]t is well established that the unconstitutionality of a portion of a statute . . . does not necessarily invalidate the whole, particularly where there is a severability clause as here. But it is equally well settled that such rule applies only when the unconstitutional part is independent of and separable from the rest. If it is so interrelated and connected with the other portions as to raise the presumption that the legislative body would not have enacted one part without the remainder, then the entire enactment is null.
See also City of Baton Rouge v. Short, 345 So.2d 37 (La. 1977).
Clearly, the portion of the Act which does nothing more than exempt the seven parishes is wholly unconnected with the remaining substantive portions of the Act. It is therefore our opinion that the unconstitutional portion of the Act is independent of and separable from the rest, and that severing the unconstitutional portion does not nullify the entire Act.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1786o