PITMAN, J.
11 Appellant Town of Homer (“Homer”) appeals the trial court’s denial of its motion for summary judgment and granting of appellee Entergy Louisiana, Inc.’s (“En-tergy”) motion for summary judgment. For the following reasons, we affirm the judgment of the trial court.

FACTS

Homer was incorporated by Act No. Ill of 1850. By Ordinance No. 60, approved on September 16, 1901, the Town of Homer Charter (the “Charter”) was amended to add Section 16, Numbers 2-20, which grant powers concerning utilities to the mayor and selectmen of Homer. Number 5 states:
To grant the right for the construction of telegraph, electric light, or telephone poles, posts and wires, along and upon any of the streets, alleys or ways of the municipality, and change, modify and regulate the same. But such privilege shall not be exclusive.
Number 6 states:
To grant to any person or corporation the use of the streets, alleys and public grounds for the purpose of laying gas, water, sewer or stream pipes or conduits for electric lights to be used in furnishing or supplying the municipality and inhabitants or any person or corporation with gas, water, sewerage, steam or hot air for heating purposes or light, but a franchise, right-of-way, or privilege of character whatever shall not be granted for a longer period than twenty-five (25) years, and such privilege shall not be exclusive.
*813 On August 31, 1977, Louisiana Power & Light (the predecessor of Entergy) presented Homer with an offer to operate and potentially gain ownership of its electric plant and system and to enter into a 60-year franchise to operate the plant and system. On December 7,1977, the Homer Board of Selectmen adopted Ordinance No. 658 (the “Ordinance”), which granted Entergy a 60-year franchise to supply electric power and energy to RHomer.[1]
On March 15, 1978, Homer and Entergy entered into an agreement (the “Operating Agreement”) for “the operation and possible ultimate transfer of ownership of the electric system” of Homer. Section 14 of the Operating Agreement states, in part, that:
Section 14. Throughout the time that this Operating Agreement remains in effect, the Town shall not:
(a) grant or issue to anyone other than the Company ... any franchise or permit for the generation, transmission, distribution and/or sale of electric power or energy within the corporate limits of the Town[-]
On April 4, 2008, Homer filed a petition requesting that the trial court render a judgment declaring that the Operating Agreement is voidable and terminable at the election of Homer as it is a violation of the Charter. Homer alleged that the Charter prohibits it from granting a franchise that exceeds 25 | -¡years and that the agreement with Entergy is for 60 years.
On February 4, 2013, Homer filed a motion for summary judgment, arguing that it is entitled to a judgment declaring the Operating Agreement null, void and without effect. Homer contended that the Ordinance and the Operating Agreement violate the Charter, which limits franchises to 25 years and prohibits exclusive franchises, because the Ordinance grants En-tergy a franchise for the term of 60 years and the Operating Agreement grants En-tergy an exclusive franchise.
On March 12, 2013, Entergy filed a motion for summary judgment and requested that the court dismiss with prejudice any and all claims by Homer. Entergy argued that the Charter was amended by La. R.S. 33:4341, which allows municipalities to sell electric systems and to grant 60-year fran *814 chises; and, therefore, the Operating Agreement is valid, effective and should be enforced.
On May 9, 2018, at the hearing to argue the motions for summary judgment, Homer conceded that the facts are not in dispute, but argued that the parties disagree on whether the Charter was amended by La. R.S. 33:4341 to extend the maximum term for franchises to 60 years. Entergy argued that La. R.S. 33:4341 did amend the Charter because it is a local law, as opposed to a general law. Enter-gy contended that the statute is a local law because it does not apply to the entire State of Louisiana. The trial court stated that there were no material facts in dispute and that the only issue was whether La. R.S. 33:4341 is a local or general law. The trial court found that La. R.S. 33:4341 is a local or special statute and granted judgment in favor of Entergy.
|4On May 30, 2013, the trial court filed a written judgment reflecting its determination that there were no genuine issues of material fact and that Entergy is entitled to judgment as a matter of law. The trial court denied Homer’s motion for summary judgment, granted Entergy’s motion for summary judgment and dismissed Homer’s requests for declaratory relief.
Homer now appeals the judgment of the trial court.

DISCUSSION

An appellate court reviews a trial court’s granting of summary judgment de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Louisiana High Sell. Athletics Ass’n, Inc. v. State, 12-1471 (La.1/29/13), 107 So.3d 583.
The parties agree that the resolution of this case turns on whether La. R.S. 33:4341 is considered to be a local law or a general law.
Article VI, § 2, of the Louisiana Constitution states, in pertinent. part, that “a special legislative charter existing on the effective date of this constitution may be amended, modified, or repealed by local or special law.” Homer’s Charter is a special legislative charter as contemplated by La. Const. Art. VI, § 2. Therefore, if La. R.S. 33:4341 is a local law, as argued by Enter-gy, the Charter was amended to allow for 60-year franchises. Conversely, if La. R.S. 33:4341 is a general law, as argued by Homer, the Charter was not amended by the statute, and the Operating Agreement and Ordinance violate the Charter.
As noted by the Louisiana Supreme Court in Kimball v. Allstate Ins. |5 Co., 97-2885 (La.4/14/98), 712 So.2d 46, “the constitution does not give us much guidance as to the meaning of the terms ‘local’ and ‘special.’ ” Thus, the courts have looked to jurisprudence and legal commentary to define local, special and general laws.[2] Id.; Polk v. Edwards, 626 So.2d 1128 (La.1993).
The ultimate distinction between general laws and local laws is that general laws affect the community as a whole and local laws affect private persons, private property or private or local interests. Deer Enterprises, LLC v. Parish Council of Washington Parish, 10-0671 (La.1/19/11), 56 So.3d 936; Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015 (La.11/30/94), 646 So.2d *815 885; Polk, supra; State v. Dalon, 35 La.Ann. 1141 (1883).
A statute is generally considered to be local if it operates only in a particular locality or localities without the possibility of extending its coverage to other areas should the requisite criteria exist or come to exist there. Deer Enterprises, supra; Kimball, supra; State v. Slay, 370 So.2d 508 (La.1979); State v. Labauve, 359 So.2d 181 (La.1978). When the operation of a law is limited to certain parishes, it is suspect as a local law. Deer Enterprises, supra; Kimball, supra; Labauve, supra. The mere fact, however, that a statute’s immediate application is limited to a particular locality does not alone render the statute a local law. Polk, supra; Slay, supra; Labauve, supra. Furthermore, a law is not local, even though its | ^enforcement may be restricted to a particular locality or localities, when the conditions under which it operates simply do not prevail in other localities. Deer Enterprises, supra; Kimball, supra; City of New Orleans v. Treen, 431 So.2d 390 (La.1983); Slay, supra; Labauve, supra. . Additionally, a law whose application and immediate effect is restricted to a particular locality is not considered local where persons throughout the state are affected by it or it operates on a subject in which the people at large are interested. Kimball, supra; Livingston Downs Racing Ass’n, Inc. v. State, 96-2890 (La.12/2/97), 705 So.2d 149; Louisiana Paddlewheels, supra; Polk, supra.
A statute that operates over the whole territory of the state, instead of just a particular locality, is a general statute. Deer Enterprises, supra; Kimball, supra; Polk, supra; Slay, supra. A general law operates equally and uniformly upon all persons brought within the relations and circumstances for which it provides or operates equally upon all of a designated class which has been founded upon a reasonable classification. Kimball, supra; Polk, supra; Treen, supra; Slay, supra; Labauve, supra. Thus, a law may be a general law, even though limited to one locality, if it is general in its terms and its coverage can extend to other areas should the requisite criteria exist there or if its operation is limited to a locality through the effect of a reasonable classification such as population, size or physical characteristics and not solely through the specific designation of a certain parish or parishes: Treen, supra; Labauve, supra.
La. R.S. 33:4341 states, in pertinent part, that:
|7A. Any municipality, the city of New Orleans excepted, or any parish or any other political subdivision or taxing district authorized to issue bonds under Article VI, Section 37, of the Constitution of Louisiana, all of which are hereinafter in this Subpart referred to as “municipality” or “parish”, may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties for a term not to exceed sixty years, provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed.
Applying the above principles, we conclude that La. R.S. 33:4341 operates as a local law rather than a general law and, therefore, amended Homer’s Charter pursuant to La. Const. Art. VI, § 2. The text of the statute itself states that the statute does not apply to the whole territory of the state, but is limited to certain localities. The statute specifically excludes the city of New Orleans, and La. Const. Art. VI, § 37, specifically excludes school boards as political subdivisions authorized to issue bonds. This limited application suggests that La. *816 R.S. 33:4341 is a local law. The exception that a law is not local when the conditions under which it operates simply do not prevail in other localities does not apply to this case because other localities do own revenue-producing properties. Deer Enterprises, supra; Kimball, supra; Treen, supra; Slay, supra; Labauve, supra. The exception that a law is not local where persons throughout the state are affected by it or it operates on a subject in which the people at large are interested does not apply in this case because persons throughout the state are not affected by its application. Kimball, supra; Livingston Downs Racing Ass’n, Inc., supra; Louisiana Paddlewheels, supra; Polk, supra. Furthermore, La. R.S. 33:4341 affects private and local interests, not statewide interests. Deer Enterprises, supra; Louisiana Paddlewheels, supra; Polk, supra; Dalon, | ¡¡supra.
Additionally, the actions of both parties suggest that they operated under the assumption that La. R.S. 33:4341 amended the Charter. La. R.S. 33:4341 was enacted years before Homer and Entergy entered into the Operating Agreement. The Ordinance limits the term of the franchise to 60 years, which is the maximum term set forth in La. R.S. 33:4341. Although Homer argues that the franchise term should have been limited to 25 years, Homer did not file suit until the Operating Agreement had been in place for 30 years.
Accordingly, we find that the trial court did not err in denying Homer’s motion for summary judgment, granting Entergy’s motion for summary judgment and dismissing Homer’s claims. This assignment of error is without merit.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in favor of Entergy Louisiana, Inc., granting its motion for summary judgment, and against Town of Homer, denying its motion for summary judgment and dismissing its claims. Costs of appeal in the amount of $2,099 are assessed to Town of Homer.
AFFIRMED.
BROWN, C.J., dissents with written reasons.

. Section 2 of Ordinance No. 653 states:
Be it further ordained, etc., that the Town of Homer, Louisiana, grants and there is hereby granted to Louisiana Power & Light Company, its successors and assigns, hereinafter called "Company”, in addition to the rights and privileges presently enjoyed by the Company, a franchise, right, and privilege, for a period of sixty (60) years from the date of the adoption hereof, to supply electric power and energy throughout the Town of Homer, Louisiana, to the inhabitants therefore, or to any person, firm, or corporation, in such manner and from such sources as the said Company deems best, the right to acquire, construct, operate, and maintain such plants, structures, transmission lines, distribution systems, and equipment as may be useful or necessary for the generation, production, transportation, distribution, and/or sale of electric power and energy throughout the Town of Homer, Louisiana, and the right to erect, operate, and maintain poles, masts, supports, wires, cables, transmission lines, conduits, conductors, substations, distribution systems, and any and all other appliances useful or necessary for the transportation and/or distribution and/or sale of electric power and energy on, over, under, along, upon, and across all of the present and/or future streets, roads, highways, alleys, and public places of the Town of Homer, Louisiana, and the right to repair, replace, or remove same, or any portion thereof, and the right to connect any such transmission line or distribution system to any other transmission line or distribution system for the purpose of transporting electric power and energy into, through, or beyond the boundaries of the Town of Homer, Louisiana.

. Because the parties in the case sub judice argue that La. R.S. 33:4341 is either a local law or a general law, and neither argues that the statute is a special law, we will not examine the jurisprudence on special laws.